# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**NAACP and NAACP MISSISSIPPI STATE CONFERENCE**

**Plaintiffs,**

v.

**X.AI and MZX TECH LLC**

**Defendants.**

**No. 3:26-cv-00074-MPM-JMV**

---

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

### Oral Argument Requested Per L.R. 7(b)(6)(A)

xAI is assembling an array of data centers in neighborhoods with significant Black populations around Memphis. These "Colossus" data centers need electricity—a lot of it. To help power their artificial intelligence ambitions, Defendants xAI and its wholly-owned subsidiary MZX Tech built the Colossus Gas Plant in Southaven, Mississippi. Sited in an area where Plaintiffs NAACP and NAACP MS's members live, work, study, play, attend church—breathe— the companies built their Gas Plant without the permits or pollution controls mandated by the Clean Air Act. To prevent further health harms to Plaintiffs' members and frontline communities, this Court should enter an injunction barring Defendants from operating their Colossus Gas Plant without the necessary permits and pollution controls.

Defendants bought their Southaven property in July 2025. Within three months, they had a network of 18 gas turbines—but they had no Clean Air Act permits or pollution limits.[1]

---

[1] *See* Public Records Collection, Ex. A. (Al-Zhyri Decl.) attaching Ex. A-3 (Deed); Ex. A-11 (Nov. 5, 2025 Trinity Update); Ex. A-10 (Nov. 25, 2025 Trinity Update); Ex. A-13 (Dec. 11, 2025 Trinity Update).

1

By February 2026, Defendants had built out the Colossus Gas Plant to include 27 turbines.[2] Still no permits, pollution limits, or emissions monitoring.

In mid-February, NAACP and NAACP MS sent a notice of intent to sue under the Clean Air Act to the Defendants and relevant state and federal governmental actors detailing their concerns and describing the longstanding legal requirements that Defendants had sidestepped.[3]

Rather than address the urgent public health issues posed by their Colossus Gas Plant, Defendants added six *more* gas turbines by April 14, bringing the total up to 33 turbines.[4] This six-unit expansion would require an air pollution permit all by itself. But *still* no permit, no pollution limits, no emissions monitoring.

The Clean Air Act's permitting requirements are not mere paperwork exercises. The law requires operators to assess how a facility's pollution will affect air quality *before* it is constructed, and to implement the necessary pollution controls to prevent air quality deterioration before it happens. *See* 42 U.S.C. §§ 7475(a)(3), (a)(4). And the Clean Air Act imposes important accountability requirements: preconstruction permits that set enforceable emissions limits, *id.* § (a)(1), and emissions monitoring to ensure that pollution can be tracked and contained. *Id.* § (a)(7). xAI and MZX Tech did none of that.

Defendants' impatience is paid for by NAACP and NAACP MS members who live near the Colossus Gas Plant. Members are now losing sleep, spending less time in gardens, hosting family less often, and worrying about the pollution aggravating their respiratory conditions.[5]

---

[2]   *See* Engineering Analysis, Ex. H (Laufenberg Decl.) ¶ 5 & fig. 1.

[3]   *See* Ex. A-21 (Notice of Intent).

[4]   *See* Ex. H (Laufenberg Decl.) ¶ 25 & fig. 9.

[5]   *See* Ex. B (A. Millsap Decl.); Ex. C (T. Millsap Decl.); Ex. D (Norvell Decl.); Ex. E (Sheard Decl.); Ex. F (T. Thornton Decl.); Ex. G (Tipton Decl.).

Members are deeply concerned about what this pollution does to their and their loved ones' health. And understandably so. Exposure to this pollution increases risks of asthma attacks and heart disease in their frontline communities.[6] And, while the *sort* of consequences posed by the Gas Plant's pollution are frightening, their *scale* is staggering. Its unpermitted potential emissions of $NO_x$ dwarf every other industrial source of $NO_x$ pollution in the area[7]:



Defendants' excuses for shirking their Clean Air Act obligations do not withstand scrutiny. Defendants will claim the Gas Plant doesn't need a "stationary source" air pollution permit because it is just a collection of "mobile sources." It's not. Each turbine can power a neighborhood and together they can power a city. Each is more than 100 feet long and 200,000 pounds, settled on concrete pads, ducted to stacks, wired to transformers, and piped to water and

---

[6]   *See* Public Health Review, Ex. I (Suh Decl.) ¶¶ 23, 24, 37, 45.

[7]   *See* EPA, 2020 National Emissions Inventory Data, https://www.epa.gov/air-emissions-inventories/2020-national-emissions-inventory-nei-data [https://perma.cc/6KHX-LWN2] (data for blue bars, all of which represent permitted facilities); Ex. A-25 (PSD Air Permit for MZX fleet); Ex. A-2 (Shelby County's Colossus 1 Permit for CTC fleet); Ex. H (Laufenberg Decl.) ¶ 31.

gas supplies. EPA regulates these as *stationary* gas and combustion turbines. *See* 40 C.F.R. Part 60, Subpart KKKK, and, together, they span an area more than twice that of the school down the street. There is nothing "mobile" about the Colossus Gas Plant.

Defendants may argue that they intend their sprawling Gas Plant to be only "temporary." But intentions aren't grounds for an exemption. The Clean Air Act imposes strict liability on violators, and neither the Act nor Mississippi's air regulations excuse operators from using pollution controls so long as they claim they'll pollute just for a little while.

Defendants may also point to a permit they have for the construction of a 41-turbine gas plant at the Southaven site. But that permit is for a facility the Defendants have not yet built, and it requires pollution controls Defendants have no obligation to install on the current turbine fleet. The facility Defendants are running *right now* has no permit, pollution limits, or monitoring.

The Clean Air Act's requirements are fundamentally protective and preventative. Though they may not like this—it won't come as a surprise to Defendants. Indeed, xAI's co-founder and owner Elon Musk complained in June of 2024 that "[e]nvironmental regulations are, in my view, largely terrible . . . . [Y]ou have to get permission in advance, as opposed to, say, paying a penalty if you do something wrong."[8] Here, xAI and MZX Tech have done—and continue to do— something wrong. And Defendants' violations irreparably harm the wellbeing of Black NAACP and NAACP MS members. Any notion that those harms can be paid for *later* treats the health and welfare of Plaintiffs' members as if it were just one more natural resource the companies can buy and exploit in pursuit of their business goals.

Accordingly, the Court should issue an injunction prohibiting operation of the Defendants' Colossus Gas Plant until they have obtained the necessary permits and implemented

---

[8]  *See* A Conversation with Elon Musk [https://perma.cc/R9GC-L8AW ] (at 16:28).

the necessary pollution controls to prevent further harm to Plaintiffs' members in the area.

Dated: May 6, 2026

Respectfully submitted,

_/s/ Carroll Rhodes_

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE
  OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsouth.net
Phone: 601-894-4323

_/s/ Elias L. Quinn_

Mary Rock (IL Bar No. 6332240)
_(Pro Hac Vice)_
Elias L. Quinn (CO Bar No. 42159)
_(Pro Hac Vice)_ – Lead Counsel
EARTHJUSTICE
D.C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
_(Pro Hac Vice)_
Rebecca Ramirez (TX Bar No. 24126749)
_(Pro Hac Vice)_
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org
rramirez@earthjustice.org
Phone: 773-828-0836

_/s/ Benjamin Grillot_

Benjamin Grillot (DC Bar. No. 982114)
_(Pro Hac Vice)_ – Lead Counsel
SOUTHERN ENVIRONMENTAL LAW CENTER
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

Patrick Anderson (GA Bar No. 226260)
_(Pro Hac Vice)_
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone: 404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
_(Pro Hac Vice)_
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone: 434-977-4090

_Counsel for Plaintiffs_

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, I electronically filed the foregoing and all associated attachments with the Clerk of the Court using the ECF system on counsel of record that have registered their appearance there, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participant, as well as emailed courtesy copies of these materials to their business email address:

Carroll Wade McGuffey III
TROUTMAN PEPPER LOCKE
600 Peachtree Street, NE
Suite 3000
Atlanta, GA 30308
mack.mcguffey@troutman.com

*Counsel for Defendants*

/s/ Elias L. Quinn

ELIAS L. QUINN