**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | | |
|---|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:26-cv-00074-DMB-JMV |
| X.AI and MZX TECH LLC, | ) ) | |
| Defendants. | ) ) | |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, Defendants xAI and MZX Tech LLC move the Court for an order granting a short extension of time from May 20, 2026 to June 15, 2026 to file a response in opposition to Plaintiffs' May 6, 2026, Motion for a Preliminary Injunction. [Dkt. # 20]. **Defendants further move the Court to shorten the time for Plaintiffs to respond to this Motion to 5:00 p.m. Central Thursday, May 14, 2026 as Defendants need to know when their response to the Motion for Preliminary Injunction will be due and a response in the ordinary course would be beyond the current deadline to respond to the Motion for a Preliminary Injunction.**

As grounds for this motion, xAI and MZX state as follows:

First, Plaintiffs' motion for a preliminary injunction seeks the extraordinary relief of an order enjoining the continued operation of certain critical power generation equipment at a property owned by MZX that has been providing power to nearby data centers since August 2025. Those data centers are the "brain" of cutting-edge artificial intelligence and other computing tools

used by the U.S. government and millions of users worldwide, every day. Plaintiffs supported their motion with 38 exhibits that approach 500 pages in aggregate. Those exhibits include two declarations speaking to numerous highly technical topics, including the nature and characteristics of the temporary power generating equipment Plaintiffs allege is operating on Defendants' property, the efficacy of various potential emission control technologies, the potential rate of air emissions from the equipment, and potential human health and welfare impacts.

Plaintiffs' pleadings and supporting information make clear that they have been aware of the operations at MZX's facility since at least September 2025, and thus have had almost eight months to analyze the issues and prepare their pleadings, declarations, and exhibits. Defendants disagree vigorously with Plaintiffs' arguments, including the central factual and legal points asserted in their briefs and declarations as the basis for the relief sought. But this Court's default rules would limit Defendants to 14 days to respond to that motion. Defendants need a reasonable period of time in which to analyze Plaintiffs' filings and to prepare responsive materials, including declarations from individuals knowledgeable about operations at the facility in question, and the various other highly technical issues raised by Plaintiffs. Defendants respectfully submit that a modest extension is reasonable, to ensure that this Court has an adequately developed record to resolve the issues presented in Plaintiffs' motion.

Second, xAI and MZX intend to file a motion to dismiss. The arguments to be included in that motion to dismiss will relate directly to Plaintiffs' lack of likelihood of success on the merits and are thus relevant and important to both the opposition to Plaintiffs' Motion for a Preliminary Injunction and Defendants' planned motion to dismiss. If granted, the Motion to Dismiss would moot Plaintiffs' Motion for a Preliminary Injunction.

Third, because Defendants cooperated with Plaintiffs and waived the requirement of service, their response to the Complaint is due June 15. As noted, Plaintiff's Complaint [Dkt. #1] and Motion for a Preliminary Injunction [Dkt. # 20], and the attachments to the same, make clear that Plaintiffs have been aware of the alleged basis for this lawsuit – MZX's temporary use of mobile power sources to support nearby data centers – since at least September 18, 2025.[1] [Dkt. #20-10 and 20-11]. Given the timing of Plaintiffs' submissions (waiting seven months to file their complaint, and three additional weeks before moving for a preliminary injunction) relative to the known use of temporary power generation at the facility, Defendants respectfully submit that a short extension is warranted and appropriate to allow Defendants to align their motion to dismiss arguments with their opposition to any preliminary injunctive relief. The requested extension of time is reasonable and warranted.

Finally, as Defendants will explain in their forthcoming briefs, the issues and claims in this case touch on sensitive national security concerns and core constitutional questions. Those arguments and others will be raised in Defendants' motion to dismiss and opposition to Plaintiffs' motion for a preliminary injunction. This case is of critical importance not only to the parties to this case but to a much broader audience. A modest extension of time will help fully illuminate

---

[1] The documents Plaintiffs received on September 18, 2025 show that, before deploying or using any of the equipment in question in the State of Mississippi, MZX consulted with the Mississippi Department of Environmental Quality ("MDEQ") on July 25, 2025 seeking guidance on whether it could lawfully use temporary turbines at the location in question, prior to receiving a permit for construction. [Dkt. # 20-6]. MDEQ responded on July 29, 2025 informing Defendants that the temporary turbines in question are exempt from stationary source permitting requirements under the Clean Air Act and Mississippi law, so long as certain conditions are observed. [Dkt. #20-7]. On August 21, 2025, MZX applied for a permit to construct permanent turbines. [Dkt. #20-9]. MDEQ granted MZX a permit on March 11, 2026. Thus, contrary to Plaintiffs' bald assertions, MZX has consistently consulted with MDEQ in advance of the conduct in question, and has fully complied with its guidance.

all of the relevant issues so that the Court has the benefit of an adequately developed record, including presentation of all relevant facts and law, before ruling on Plaintiffs' motion for a preliminary injunction.

Wherefore, Defendants move the Court for an extension of time from May 20, 2026 to June 15, 2026 to respond in opposition to Plaintiffs' Motion for Preliminary Injunction **and to shorten the time for Plaintiffs to respond to this Motion to Thursday, May 14, 2026 at 5:00 p.m. Central**.

**BUTLER SNOW LLP**

By: s/ Daniel W. Van Horn
    DANIEL W. VAN HORN (102105)
    P. RYAN BECKETT (99524)

Attorneys for Defendant x.Ai and MZX Tech LLC

Daniel W. Van Horn, Esq.
BUTLER SNOW LLP
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 (fax)
danny.vanhorn@butlersnow.com

P. Ryan Beckett, Esq.
BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, MS 39157
(601) 985-4000
(601) 985-4500 (fax)
ryan.beckett@butlersnow.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this pleading has been served via the Court's CM/ECF system, this the 11th day of May upon:

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsout.net
Phone: 601-894-4323

Mary Rock (IL Bar No. 6332240)
*(Pro Hae Vice)*
Elias L. Quinn (CO Bar No. 42159)
*(Pro Hae Vice)* - Lead Counsel
EARTHJUSTICE
D..C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
*(Pro Hae Vice)*
Rebecca Ramirez (TX Bai· No. 24126749)
*(Pro Hae Vice)*
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org
rramirez@earthjustice.org
Phone: 773-828-0836

Benjamin Grillot (DC Bar. No. 982114)
*(Pro Hae Vice)* - Lead Counsel
Southern Environmental Law Center
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

5

Patrick Anderson (GA Bar No. 226260)
*(Pro Hae Vice)*
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone: 404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
*(Pro Hae Vice)*
Southern Environmental Law Center
119 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone: 434-977-4090

By: s/ Daniel W. Van Horn
DANIEL W. VAN HORN (MS 102105)

## CERTIFICATE OF CONSULTATION OF COUNSEL

On Friday, May 8, Attorney Danny Van Horn called and spoke with Attorney Carroll Rhodes. Attorney Rhodes responded that he had no issue with the requested extension noting that it was customary practice in this District but that he would need Attorney Van Horn to consult with Attorney Eli Quinn before any final decisions could be reached.

On Friday, May 8, Attorney Van Horn placed a phone call to Attorney Quinn and sent him an email consulting on this motion. Attorney Quinn responded on Saturday, May 9, 2026 reporting that Plaintiffs would let us know their positions on Monday, May 11.

On Monday, May 11, Attorney Quinn reported that they would oppose this motion as they claim the need for immediate relief (despite waiting more than eight months after learning of the use of the temporary turbines). Attorney Quinn in a separate email then consulted asking if Defendants would agree to a briefing schedule (should the Court grant Defendants' motion) with Plaintiffs' response to Defendants Motion to Dismiss and Opposition to Preliminary Injunction due July 10 and Defendants' reply brief due July 17. Defendants generally do not oppose Plaintiffs having until July 10 to respond to Defendants' Motion to Dismiss but believe under these circumstances that their proposed seven days to reply is unreasonable and would request the ability to work with the Court and opposing counsel to come up with a comprehensive briefing schedule that is fair to all sides.

By: s/ Daniel W. Van Horn
DANIEL W. VAN HORN (MS 102105)