**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | | |
|---|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:26-cv-00074-DMB-JMV |
| X.AI and MZX TECH LLC, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

For their Memorandum in Support of their Motion for Extension of Time to Respond to Plaintiffs' Motion for Preliminary Injunction, Defendants xAI and MZX Tech LLC state as follows:

**<u>INTRODUCTION</u>**

On May 6, 2026, Plaintiffs filed a motion for preliminary injunction, asking this Court to take the extraordinary step of enjoining the continued operation of certain temporary, but critical, power generation equipment at a property owned by MZX in DeSoto County, Mississippi, that has been serving nearby data centers since August 2025. Those data centers—representing a historic $20 billion in new investment to the region—are essential to the operation of cutting-edge artificial intelligence and other computing tools used by the U.S. government and millions of users worldwide, every day. But those data centers cannot currently function, and would have to precipitously shut down, without the temporary power generation equipment in question. In

addition to their motion and brief seeking that preliminary injunctive relief, Plaintiffs filed 38 exhibits that approach 500 pages in aggregate, including two expert declarations that Plaintiffs had months to prepare. The expert declarations address numerous highly technical subjects, ranging from the nature and characteristics of the temporary power generating equipment Plaintiffs allege is operating at MZX's facility and the potential rates of air emissions from the same, to the efficacy of various potential emission control technologies, and possible health effects.

Plaintiffs' pleadings and other submissions make clear that they have been aware, since at least September 2025, that MZX had sought and obtained advance permission from the Mississippi Department of Environmental Quality ("MDEQ") to use those temporary mobile power sources at the site in question. Thus, Plaintiffs have had nearly eight months to prepare their pleadings, exhibits, and expert reports. [Dkt. #20-7-11]. Defendants disagree vigorously with Plaintiffs' arguments, including the central factual and legal points asserted in their briefs and declarations as the basis for the relief sought. And Defendants intend to demonstrate that Plaintiffs' claims are meritless and their request for extraordinary preliminary relief should be denied. But under this Court's default rules, Defendants' response in opposition to the preliminary injunction motion is currently due by May 20, 2026.

Defendants respectfully submit that a short extension of the response deadline to June 15, 2026, is warranted so that Defendants are not prejudiced by the lack of fair opportunity to analyze Plaintiffs' filings and prepare appropriate responsive materials, including declarations from individuals knowledgeable about operations at the facility in question, as well as various other technical issues raised by Plaintiffs. Such an extension is necessary to ensure that this Court has an adequately developed factual and legal record to resolve the issues presented in

Plaintiffs' motion. Despite this fact and their own delay in bringing this action and seeking a preliminary injunction, Plaintiffs have refused to agree to the short extension now being requested.

Defendants' deadline to respond to Plaintiffs' Complaint is June 15.[1] Defendants intend to file a motion to dismiss by that date.[2] The arguments that will be contained in that motion to dismiss will also relate to Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction, including Plaintiffs' lack of likelihood of success on the merits. Therefore, Defendants respectfully request that their motion for additional time to respond in opposition to Plaintiffs' Motion for Preliminary Injunction be granted and the deadline to respond be set as June 15, to align with the existing deadline for Defendants' motion to dismiss.

### LAW AND ARGUMENT

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that "for good cause," a court may extend a deadline before the original deadline or its extension expires. Here, the current deadline to respond to Plaintiffs' motion is May 20. Defendants are thus moving for an extension of time well prior to the deadline to respond.

The Rule 6 standard is "quite flexible." *Patel v. U.S. Dep't of Agriculture*, 2017 WL 11697933, *1 (S.D. Miss. June 30, 2017). District courts have broad discretion to grant or deny

---

[1] Defendants' deadline to respond to the Complaint is June 15 because Defendants cooperated with Plaintiffs by waiving the requirement of service of process.

[2] Defendants intend to file separate briefs in opposition to Plaintiffs' Motion for Preliminary Injunction and in support of its planned motion to dismiss. However, if the Court would prefer one omnibus memorandum, Defendants are amendable to that approach. In the event the Court prefers an omnibus memorandum, Defendants would ask for 60 pages total for the omnibus memorandum. Unless the Court directs otherwise, Defendants will file separate memoranda that comply with applicable page limits (35 pages).

3

a motion for extension of time. *U.S. ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 275-76 (5th Cir. 2015)

Good cause is established here for several reasons. **First**, a short extension is reasonable in light of the nature and scope of Plaintiffs' motion, which exceed 500 pages of briefing and exhibits, including multiple expert declarations addressing a range of highly technical subjects. As noted above, those subjects include details about the operation of, and potential rate of emissions from, certain temporary power generation equipment, the nature and efficacy of various potential emission control technologies, and arguments about potential risks to human health, including discussion of emission modeling. Plaintiffs have been aware of the key facts underlying their claims and arguments for a preliminary injunction since at least September 2025, nearly eight months ago. Plaintiffs have thus had ample time to draft their complaint and preliminary injunction motion, to gather supporting technical material, and to retain experts and prepare expert declarations.

Defendants respectfully submit that the default period of 14 days does not provide an adequate or fair opportunity to respond to the pending motion for preliminary injunction, given the range of legal, factual, and highly technical issues that need to be addressed. Among other things, Defendants need a reasonable opportunity to analyze the materials submitted, discuss the same with knowledgeable individuals and appropriate technical experts, and prepare responsive analysis, declarations, and legal pleadings. A modest extension until June 15 is necessary to allow Defendants a meaningful opportunity to respond, and to ensure that this Court has an adequately developed factual and legal record before adjudicating the preliminary injunction motion.

**Second**, Plaintiffs' filings in this Court seek to immediately shut down power at the MZX site, with Plaintiffs seeking injunctive relief nearly eight months after they learned the key facts underlying their claims—during which time billions of dollars have been invested in reliance on the operation of temporary power generating devices. As established by their own Complaint and supporting papers, Plaintiffs have been aware of the alleged basis for this lawsuit – MZX's temporary use of mobile sources of power in DeSoto County to support nearby data centers – since at least September 18, 2025. [Dkt. #20-10 and 20-11]. Plaintiffs sought a Freedom of Information Act disclosure from MDEQ on September 15, 2025, and received documents from MDEQ on September 18, 2025. Those documents showed that MZX had consulted with MDEQ on July 25, 2025, regarding the lawfulness of their then-proposed course of action, in advance of deploying or using any temporary turbines at the Southaven facility. [Dkt. # 20-6]. MDEQ responded on July 29, 2025, conveying the Department's conclusion that these temporary turbines are exempt from stationary-source preconstruction and operating permit requirements so long as certain conditions are satisfied. [Dkt. ## 20-6, 20-7]. The documents received by Plaintiffs in September also showed that on August 21, 2025, MZX applied for a permit[3] to construct permanent turbines at the site, to power the nearby data centers on a permanent basis. [Dkt. #20-9].

Yet, despite being fully aware of the MDEQ-approved use of temporary turbines at the Southaven facility since at least September 2025 (if not well before), Plaintiffs waited seven months to file this suit and then waited an additional three weeks to file their Motion for Preliminary Injunction. Given that Plaintiffs, via their proposed preliminary injunction, seek to disrupt a longstanding status quo at the Southaven site upon which billions of dollars of

---

[3] MDEQ granted MZX a permit on March 11, 2026.

5

investment now rests (i.e., data centers whose only current power source is the temporary turbines here), the short requested extension is appropriate and reasonable.

**Third**, granting Defendants additional time supports cooperation on waiver of service. Here, Plaintiffs asked Defendants to waive service and Defendants agreed to do so. One important benefit of waiving service is it extends the time for the Defendants to respond to the Complaint. Without the additional time sought in this motion, Defendants effectively will be denied the full benefit of having waived service.

**Fourth**, Defendants are planning to file a motion to dismiss. The arguments Defendants plan to raise for that motion to dismiss will overlap with, and be directly relevant to, Defendants' argument that Plaintiffs have not and cannot establish a likelihood of success on the merits. Without a likelihood of success on the merits, the Court must deny Plaintiffs' request for a preliminary injunction. By providing Defendants with three additional weeks to file their opposition to Plaintiffs' Motion for Preliminary Injunction, the deadlines for the filing of both motions would be aligned. Since granting the motion to dismiss would moot Plaintiffs' request for a preliminary injunction, such alignment makes sense and will serve the interests of judicial economy.

**Finally**, Plaintiffs' request to immediately shut down the temporary turbines at Southaven, and with them the nearby data centers powering powerful artificial intelligence tools, raises grave economic, national security, and constitutional concerns. To begin, Plaintiffs ask this Court to overrule the considered judgment of Mississippi environmental regulators, who are empowered and authorized to administer the federal Clean Air Act in this State, and who advised MZX before any of the events in question here, that use of temporary turbines was lawful, without a permit. What is more, if Plaintiffs' requested relief was granted, the practical and legal

consequences would be devastating and would extend well beyond the parties to this case. MZX would no longer be able to power the only two data centers running the Grok AI platform, which, in turn, would have to be shut down for millions of customers worldwide, including the federal government. A requested extension of a little more than three weeks to allow a reasonable opportunity for briefing and development of the record is appropriate and warranted given what is at stake.

<div align="center">

**CONCLUSION**

</div>

Defendants have established good cause for an extension of time to respond to Plaintiffs' Motion for Preliminary Injunction. The requested extension is short, aligns with the current deadline to respond to the Complaint, and will advance the development of an appropriate factual and technical record, and presentation of legal arguments, to the Court on a matter of considerable importance. Defendants respectfully submit that the Court should grant an extension of time from May 20, 2026 to June 15, 2026 for Defendants to respond in opposition to Plaintiffs' Motion for Preliminary Injunction. **Given that the current deadline is May 20, 2026, Defendants request that the Court take this motion under consideration on an expedited basis**.

<div style="margin-left: 40%;">

**BUTLER SNOW LLP**

By: s/ Daniel W. Van Horn
   DANIEL W. VAN HORN (102105)
   P. RYAN BECKETT (99524)

Attorneys for Defendant x.AI and MZX Tech LLC

Daniel W. Van Horn, Esq.
BUTLER SNOW LLP
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 (fax)

</div>

<div align="center">

7

</div>

danny.vanhorn@butlersnow.com

P. Ryan Beckett, Esq.
BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, MS 39157
(601) 985-4000
(601) 985-4500 (fax)
ryan.beckett@butlersnow.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this pleading has been served via the Court's CM/ECF system, this the 11th day of May upon:

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsout.net
Phone: 601-894-4323

Mary Rock (IL Bar No. 6332240)
*(Pro Hae Vice)*
Elias L. Quinn (CO Bar No. 42159)
*(Pro Hae Vice)* - Lead Counsel
EARTHJUSTICE
D..C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
*(Pro Hae Vice)*
Rebecca Ramirez (TX Bai· No. 24126749)
*(Pro Hae Vice)*
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org

8

rramirez@earthjustice.org
Phone: 773-828-0836

Benjamin Grillot (DC Bar. No. 982114)
*(Pro Hae Vice)* -  Lead Counsel
Southern Environmental Law Center
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

Patrick Anderson (GA Bar No. 226260)
*(Pro Hae Vice)*
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone:  404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
*(Pro Hae Vice)*
Southern Environmental Law Center
119 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone:  434-977-4090

By: s/ Daniel W. Van Horn
    DANIEL W. VAN HORN (MS 102105)