**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

|  |  |
|---|---|
| **NAACP and NAACP MISSISSIPPI STATE CONFERENCE**<br><br>              **Plaintiffs,**<br>     **v.**<br><br>**X.AI and MZX TECH LLC**<br><br>            **Defendants.** | **No. 3:26-cv-00074-DMB-JMV** |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' REQUEST FOR EXTENSION OF TIME**

Defendants request more than three additional weeks to file their response to Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 20)—an extension that would push their next brief beyond the time the local rules set for *all* briefing on Plaintiffs' Motion. *See* D. Miss. L. Civ. R. 7(b)(4). As detailed in Plaintiffs' request for a preliminary injunction, each day of the Gas Plant's operations causes actual and imminent harms to the health and welfare of frontline communities. *See* Dkt. No. 26 (PI Brief) at 6–8, 10–12, 21–23. The timely extensions of filing deadlines may be granted upon a party's showing of good cause, Fed. R. Civ. P. 6(b)(1), but should account for the potential of prejudice to the non-moving party. While Plaintiffs recognize the importance of collaboration when it comes to setting litigation deadlines, extensions should not come at the expense of public health. The delay requested by Defendants will prejudice Plaintiffs' members and unnecessarily burden surrounding communities. Defendants' request should be denied.

1

## LAW AND ARGUMENT

While courts may extend a deadline once a requesting party establishes "good cause," Fed. R. Civ. P. 6(b)(1), such extensions are not automatic, particularly when they would prejudice the non-moving party. For this situation, Defendants analogize to the "good cause" showing required to amend a scheduling order. *See* Dkt. No. 28 (Defs. Ext. Request Mem.) at 4 (citing *U.S. ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 275-76 (5th Cir. 2015) (discussing extensions under Fed. R. Civ. P. 16)). The analogy is apt. Under Rule 16's fairly stringent standard, to establish good cause for an extension, "[a] party is required to 'show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Servs. Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). And that showing must be balanced against the potential for prejudice caused by any delay. *Id.* Here, the potential for prejudice—irreparable injury to public health—is severe. And Defendants cannot show that the briefing deadlines set by the Local Rules are beyond the reach of their diligence; they have had access to their own documents and Plaintiffs' legal arguments for months.

Every day that Defendants operate their illegal power plant—now amongst the largest polluters in Mississippi—causes real harm to Black and other frontline communities, including members of Plaintiffs NAACP and NAACP MS. Emissions from the facility contribute to increased risks of heart disease, lung disease, and even premature death in the surrounding areas. *See* Dkt. No. 20-39 (Exhibit I - Suh Decl.) ¶¶ 22–44. These health impacts will fall "disproportionately on the most vulnerable members of the community, including children, older adults, persons of color, and low-income households living near the Plant." Dkt. No. 20-39 (Exhibit I - Suh Decl.) ¶ 20.

And the Gas Plant's threat to public health is growing. At the time of Plaintiffs' Notice of Intent to Sue, *see* Dkt. No. 20-23 (Exhibit A21 - Notice of Intent), Defendants had installed **27 turbines** on site, posing an unprecedented and towering pollution threat to downwind communities.

Sixty days later, the Plant's ranks had apparently swelled to as many as **37 turbines** on site. At that size, the facility posed a $NO_x$ pollution potential *more than twice* the size of the next largest source in the area—the Memphis International Airport. *See* Dkt. No. 20 (Mot. for Prelim. Inj.) at 3.

And just yesterday—the day Defendants sought more time for their brief—Mississippi Today reported[1] (and MDEQ later confirmed[2]) that the Colossus Gas Plant now has **46 unpermitted gas turbines.** Preliminary calculations suggest the Plant may now have the potential to emit more than 4,000 tons of $NO_x$ pollution each year. And still not a single air pollution permit for these turbines. Defendants complain that a preliminary injunction would "disrupt a longstanding status quo at the Southaven site," Dkt. No. 28 (Def.'s Ext. Request Mem.) at 5, but their Plant is metastasizing, adding capacity and increasing pollution at an alarming rate. The audacity of these violations and the irreparable harms those violations cause to frontline communities warrants the motion's urgent consideration.

The briefing schedule set by the Local Rules for Plaintiffs' Motion does not prejudice Defendants' ability to muster their arguments. Defendants contend "the default period of 14 days [for a response brief] does not provide an adequate or fair opportunity to respond . . . given the

---

[1] *See* Alex. Rozier, *xAI now has 46 gas turbines without air permits. State officials are 'evaluating the situation,'* MISS. TODAY (May 11, 2026), [https://perma.cc/5TAM-3YBX].

[2] On May 11, Plaintiffs received a copy of May 6, 2026 correspondence between Defendant's consultants and MDEQ that includes an inventory of the 46 turbines at the Plant and the date of its installation. *See* May 6, 2026 Trinity/MDEQ correspondence (attached as Ex. 1).

range of legal, factual, and highly technical issues that need to be addressed." Dkt. No. 28 (Def. Ext. Request Mem.) at 4. But they have had nearly three months—a luxury of time—since February 13th when Plaintiffs provided their detailed Notice of Intent to Sue, outlining the relevant facts and law. *See* Dkt. No. 20-23 (Exhibit A21 - Notice of Intent). And while Defendants express a desire to "align their motion to dismiss arguments" with their opposition to the preliminary injunction, Dkt. No. 27 at 3, that preference does not merit an extension— nothing prevents them from filing a Motion to Dismiss at any time. These excuses do not establish good cause for an extension in the face of compelling evidence that Defendants' unpermitted operations threaten the health of frontline communities.

Additionally, while Defendants complain about the number of pages of exhibits presented with the preliminary injunction motion, the vast majority of those are *Defendants' own* communications and analyses, as well as factual information on the generating equipment that Defendants themselves installed. Though Plaintiffs were forced to collect this evidence in dribs and drabs over months through public records requests, Defendants have had unlimited access to information about their own turbines, capacities, and construction timelines.[3]

Defendants also point out that, without the Gas Plant's power, they will have to shut down the Colossus 2 data center, which relies on that power but is currently being used to run the Grok artificial intelligence endeavor. This, Defendants warn, might disrupt billions of dollars in investments. *See* Dkt. No. 28 (Def.'s Ext. Request Mem.) at 5. But Defendants' claim that they are profiting from their illegal conduct is not reason enough to allow it to continue. And to the extent Defendants rely on the "considered judgement" of the Mississippi Department of

---

[3] Defendants also suggest that they should be awarded additional time in order to support "cooperation on waiver of service." Dkt. No. 28 at 6. Of course, corporate defendants always have a "duty to avoid unnecessary expenses of serving the summons." *See* Fed. R. Civ. P. 4(d)(1).

Environmental Quality—that two-paragraph letter does not exempt xAI from complying with the federal Clean Air Act. *See* Dkt. No. 26 (PI Brief) at 3-4. In any event, Defendants are free to pursue these arguments in their opposition papers, but they do not provide a basis for extending the briefing schedule.

The pollution burden posed by the Gas Plant is severe, and it is growing unchecked. Defendants ask for time because for them time is money. But frontline communities are suffering irreparable harm from Defendants' unlawful Gas Plant in the meantime, harm which will only worsen during the upcoming summer ozone season—when air pollution is at its worst in the South. Defendants' extension request should be denied.

However, in the event this Court determines it is appropriate to grant Defendants' requested extension, Plaintiffs ask that the Court set a briefing schedule that will align all the briefing deadlines related to Plaintiffs' Motion for a Preliminary Injunction and Defendants' coming Motion to Dismiss. Specifically, Plaintiffs would propose:

| Deadline | Documents Due |
|---|---|
| June 15 | 1. Defendants' Motion to Dismiss<br>2. Defendants' Response to Plaintiffs Motion for a Preliminary Injunction |
| July 10[4] | 3. Plaintiffs' Opposition to Defendants' Motion to Dismiss<br>4. Plaintiffs' Reply Brief on their Motion for a Preliminary Injunction |
| July 17[5] | 5. Defendants' Reply Brief on their Motion to Dismiss |

While Defendants' efforts to delay accountability may make sense for their bottom line, real harm is visited each day on frontline communities who cannot unbreathe Defendants' unlawful pollution. Thus, Plaintiffs' respectfully request that this Court DENY Defendant's

---

[4]  Defendants agreed to concomitant extensions and consolidation of Plaintiff's briefing deadlines in the event the Court grants their extension request. *See* Collected Correspondence between Counsel (attached as Ex. 2) at 6.

[5]  Plaintiffs here propose the 7-day period set by default in the local rules.

motion for an extension. In the alternative, Plaintiffs ask that the Court set a briefing schedule that consolidates briefing deadlines as described above.

Dated: May 12, 2026

Respectfully submitted,

*/s/ Carrol Rhodes*

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE
  OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsouth.net
Phone: 601-894-4323

*/s/ Elias L. Quinn*

Mary Rock (IL Bar No. 6332240)
*(Pro Hac Vice)*
Elias L. Quinn (CO Bar No. 42159)
*(Pro Hac Vice)* – Lead Counsel
EARTHJUSTICE
D.C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
*(Pro Hac Vice)*
Rebecca Ramirez (TX Bar No. 24126749)
*(Pro Hac Vice)*
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org
rramirez@earthjustice.org
Phone: 773-828-0836

*/s/ Benjamin Grillot*

Benjamin Grillot (DC Bar. No. 982114)
*(Pro Hac Vice)* – Lead Counsel
SOUTHERN ENVIRONMENTAL LAW CENTER
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

Patrick Anderson (GA Bar No. 226260)
*(Pro Hac Vice)*
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone: 404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
*(Pro Hac Vice)*
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone: 434-977-4090

*Counsel for Plaintiffs*

6