# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

| | | |
|---|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 3:26-cv-00074-DMB-JMV |
| v. | ) ) | |
| X.AI and MZX TECH LLC, | ) ) | |
| Defendants. | ) ) | |

## REPLY IN SUPPORT OF DEFENDANTS'
## MOTION FOR EXTENSION OF TIME

Defendants xAI and MZX Tech LLC provide the following reply in support of their

Motion for Extension of Time to Respond to Plaintiffs' Motion for Preliminary Injunction.

## ARGUMENT

In their pending motion for preliminary injunction (Doc. 20), Plaintiffs seek the

extraordinary judicial remedy of an immediate forced shut-down of operating power-generation

equipment—relief, so far as Defendants are aware, that would be unprecedented in the 60-year

history of the Clean Air Act. In response to the motion, 26-page brief, and nearly 500 pages of

exhibits, including highly technical expert declarations, Defendants sought a modest extension of

their May 20 response deadline. Plaintiffs oppose. That opposition, like Plaintiffs' underlying

claims, is misguided and unpersuasive. In advance of the Court's scheduled status conference,

Defendants provide the following concise points of rebuttal.

First, and perhaps most importantly, Plaintiffs do not dispute that they have been aware

of the key material facts, including Defendants' use of temporary power-generation turbines at

the Southaven site, since at least *September 2025*. *Compare generally* Doc. 28 at 2 (Extension Memorandum), *with* Doc. 31 (Opposition). For their own unstated reasons, Plaintiffs allowed nearly *eight months* to elapse, during which time turbines were running and billions of dollars were invested in data centers that depend (for now) on the temporary turbines in question, while Plaintiffs prepared their complaint, motion papers, expert declaration, and nearly 500 pages of other exhibits, on their own preferred timing. After filing their complaint, Plaintiffs then waited three weeks to move for a preliminary injunction. Their delay in bringing this suit and filing for preliminary injunctive relief cuts sharply against their current position that allowing Defendants even a few more days to respond to their motion constitutes irreparable harm.

Second, Plaintiffs are wrong that 14 days provides an adequate opportunity for Defendants to respond to their motion. Doc. 31 at 3-4. While Defendants had knowledge of the underlying facts regarding the Southaven site, Plaintiffs conspicuously ignore that the keystone of their case and preliminary injunction motion is two lengthy "expert" declarations. Those declarations speak to "potential" emissions—not actual emissions—from the equipment at Southaven, and the public health impacts Plaintiffs claim would result from *any* amount of emissions over *any* period of time. Docs. 20-38 (Laufenberg Declaration); 20-39 (Suh Declaration). Defendants saw those declarations for the first time on Wednesday afternoon, May 6. It is unreasonable and would in all likelihood be impossible for Defendants to fully evaluate and meaningfully respond to Plaintiffs motion, including on key technical points directly material to the preliminary injunction analysis, if Defendants are compelled to respond by May 20. Plaintiffs disserve the interests of justice in asking the Court to decide issues of this legal and technical complexity and magnitude without a full and fair opportunity for adversarial testing.

2

Third, despite their hyperbolic (and, as Defendants will show, incorrect) assertions that each day of delay will cause irreparable harm to their members, Plaintiffs turn on a dime when it comes to their own briefing deadlines, for which they seek extensions. *Compare* Local Rule 7(b)(4) (14-day deadline to respond to motions and 7 day deadline for replies), *with* Doc. 31 (Plaintiffs proposing 25 days for their response to the motion to dismiss and their reply in support of preliminary injunction). "Extra time for me but not for thee" gives away the game. The Court should consider Plaintiffs' position in context, and with a skeptical eye for efforts to gain tactical litigation advantage.

Fourth, Plaintiffs do not dispute—nor could they—that Defendants took all the actions here with the express advance knowledge and concurrence of the Mississippi Department of Environmental Quality ("MDEQ"), including the temporary turbines that Plaintiffs allege were recently brought to the site. Indeed, the very news article that Plaintiffs cite in their response shows that MDEQ is functioning as an active and attentive regulator, quoting its spokesperson as saying: "MDEQ is evaluating the situation and will make the facility aware as to when it can no longer bring additional portable/temporary turbines on-site." *See* Doc. 31 at 3 n.1 (Plaintiffs' Opposition, citing article from *Mississippi Today* containing this quote). And in opposing this extension, Plaintiffs confirm that, in their lawsuit and preliminary injunction motion, they are asking the Court to overrule MDEQ's considered judgment about the Clean Air Act rules that the State is authorized by Congress and the U.S. Environmental Protection Agency to administer. *See id.* at 4-5 (implying that MDEQ position does not "comply[] with the federal Clean Air Act"). Plaintiffs are also asking the Court to take the precipitous step of immediately shutting down temporary power generation equipment that the State is fully aware of and has allowed to be used, and to do so in a preliminary posture, on an incomplete record. The Court should not

rush to judgment in this context. Instead, the Court should allow a full and fair presentation of issues before deciding whether to grant such extraordinary relief.

Finally, with regard to Plaintiffs' proposed combined briefing schedule to govern the preliminary injunction and Defendants' forthcoming motion to dismiss, despite Plaintiffs' intransigence on this extension request, Defendants do not oppose Plaintiffs' proposed July 10 deadline for their opposition and reply. But Defendants respectfully submit that 21 days (rather than plaintiffs' proposed period of 7 days) for their reply in support of a motion to dismiss is reasonable and consistent with the extended time periods that Plaintiffs are affording themselves. If the Court were to agree with a 21-day period, Defendants' reply in support of their Motion to Dismiss would be due July 31, 2026.

## **CONCLUSION**

Defendants having established good cause, the Court should grant an extension of time for Defendants to respond to Plaintiffs' Motion for Preliminary Injunction, to June 15, 2026.

**BUTLER SNOW LLP**

By: s/ P. Ryan Beckett
    DANIEL W. VAN HORN (102105)
    P. RYAN BECKETT (99524)

Attorneys for Defendant x.AI and MZX Tech LLC

Daniel W. Van Horn, Esq.
BUTLER SNOW LLP
6075 Poplar Ave., Ste. 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 (fax)
danny.vanhorn@butlersnow.com

P. Ryan Beckett, Esq.
BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, MS 39157
(601) 948-5711
(601) 985-4500 (fax)
ryan.beckett@butlersnow.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this pleading has been served via the Court's CM/ECF system, this the 13th day of May upon:

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsout.net
Phone: 601-894-4323

Mary Rock (IL Bar No. 6332240)
*(Pro Hae Vice)*
Elias L. Quinn (CO Bar No. 42159)
*(Pro Hae Vice)* - Lead Counsel
EARTHJUSTICE
D..C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
*(Pro Hae Vice)*
Rebecca Ramirez (TX Bai· No. 24126749)
*(Pro Hae Vice)*
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org
rramirez@earthjustice.org
Phone: 773-828-0836

Benjamin Grillot (DC Bar. No. 982114)
*(Pro Hae Vice)* - Lead Counsel
Southern Environmental Law Center
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

Patrick Anderson (GA Bar No. 226260)
*(Pro Hae Vice)*
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone: 404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
*(Pro Hae Vice)*
Southern Environmental Law Center
119 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone: 434-977-4090

By: s/ P. Ryan Beckett
P. RYAN BECKETT (MS 99524)

6