**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE and MISSISSIPPI STATE CONFERENCE OF THE NAACP, | § § § § § | |
| *Plaintiffs*, | § | Case No. 3:26-cv-00074-DMB-JMV |
| v. | § | |
| X.AI CORP. and MZX TECH LLC, | § § § | |
| *Defendants*. | § | |

**DEFENDANTS' MOTION TO DISMISS UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**Oral Argument Requested Per L.R. 7(b)(6)(A)**

Defendants MZX Tech LLC ("MZX") and its parent, X.AI Corp. (collectively, "Defendants"), hereby move to dismiss the Plaintiffs' Complaint, Doc. 1, with prejudice under Federal Rule of Civil Procedure 12(b)(6), because Plaintiffs have not, and cannot, state a claim upon which relief could be granted. In support of this Motion, Defendants concurrently file a Memorandum Brief.

As the Memorandum explains:

1.      Plaintiffs National Association for the Advancement of Colored People and Mississippi State Conference of the NAACP ("NAACP" or "Plaintiffs") lack a statutory cause of action. The Clean Air Act's citizen suit provision permits suit only "on his own behalf," which means that an organization may sue only to vindicate its own direct interests—not those of its members. Because the NAACP pleads no injury to itself as an organization and brings this action solely on behalf of its members, it lacks any statutory cause of action under the Act.

2.        Plaintiffs' permitting claims (Counts 1 and 2) fail because Defendants rightly relied on the Mississippi Department of Environmental Quality's ("MDEQ") determination that the portable temporary turbines at issue are "mobile sources" excluded from the construction and operation permitting requirements for stationary sources under the governing EPA-approved Mississippi air-quality regulations.

3.        The Clean Air Act's citizen suit provision violates Article II of the Constitution and the private non-delegation doctrine. The Executive Vesting Clause grants all federal law enforcement authority exclusively in the President, including the power to seek civil penalties payable to the U.S. Treasury. Congress may not delegate this quintessentially executive power to Plaintiffs—who seek over $120,000 per day in penalties and sweeping injunctive relief—acting outside presidential control and direction, and so Plaintiffs' claims fail.

For these reasons articulated in the Memorandum, Defendants request that the Plaintiffs' complaint be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

2

Dated: June 15, 2026

Patrick D. Traylor*
Jeremy C. Marwell*
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6500
ptraylor@velaw.com
jmarwell@velaw.com

Michael B. Buschbacher*
Taylor M. Myers*
Walker Fortenberry*
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
tmyers@boydengray.com
wfortenberry@boydengray.com

Respectfully submitted,

*/s/ Daniel W. Van Horn*
Daniel W. Van Horn (MS Bar No. 102105)
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com

P. Ryan Beckett (MS Bar No. 99524)
Keri E. Herrington (MS Bar No. 106815)
BUTLER SNOW LLP
1020 Highland Colony Pkwy., Suite 1400
Ridgeland, MS 39157
(601) 948-5711
(601) 948-5177
ryan.beckett@butlersnow.com
keri.herrington@butlersnow.com

*Attorneys for X.AI Corp. and MZX Tech LLC*

*\*Pro Hac Vice*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2026, I filed the foregoing document with the Clerk of the U.S. District Court for the Northern District of Mississippi through the Court's CM/ECF system, which shall send notification of such filing to all parties of record in this case.

/s/ Daniel W. Van Horn
Daniel W. Van Horn