# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE, | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | Case No. 3:26-cv-00074-DMB-JMV |
| X.AI Corp. and MZX Tech LLC, | § § § | |
| *Defendants.* | § § § § | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS
IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
AMENDED MOTION FOR PRELIMINARY INJUNCTION**

In accordance with Local Uniform Civil Rule 79, Defendants X.AI Corp. ("xAI") and MZX Tech LLC ("MZX") (collectively, "Defendants") respectfully submit this memorandum in support of their Motion for Leave to File Under Seal Certain Documents in Support of Defendants' Response in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction (the "Motion to Seal").[1] Defendants request that the Court accept the filed redacted versions of Defendants' Memorandum in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction and Exhibits 2, 3, and 5 to Defendants' Response in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction, and allow the unredacted versions to be filed permanently under seal, with CM/ECF access limited to the litigants' counsel. Defendants seek said relief because the

---

[1] Defendants have conferred with Plaintiffs' counsel regarding this Motion to Seal, and are authorized to represent that "Plaintiffs take no position on Defendant's motion to seal, and reserve the right to challenge the proposed sealing of specific materials once they've had an opportunity to review them following their filing."

1

unredacted documents contain Defendants' highly sensitive, confidential, and proprietary information.

## LEGAL STANDARD

While "[t]he public has a common law right to inspect and copy judicial records," that "right is not absolute." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 454 (5th Cir. 2015) (internal quotation marks and citations omitted). "Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And "[t]he historic presumption of access to judicial records must be considered in the balance of competing interests." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) (citing *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981)). "[A]ccess has been denied where court files might have become a vehicle for improper purposes," for example, when "sources of business information . . . might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Sealing is thus justified to protect "information whose disclosure might conceivably cause competitive harm." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019); *see also United States v. United Fruit Co.*, 410 F.2d 553, 557 n.11 (5th Cir. 1969) (holding confidential and commercially sensitive marketing plans of a company protected from disclosure); *Binh v. King & Spalding LLP*, No. 4:21-CV-02234, 2022 WL 130879, at \*3 (S.D. Tex. Jan. 10, 2022) ("Additionally, because the relevant documents contain confidential business information and public disclose [sic] might create a competitive disadvantage in future negotiations, Defendants' Motion to Seal is GRANTED.").

## NON-CONFIDENTIAL EXPLANATION

The confidential commercial information proposed for redaction in Defendants' Memorandum in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction and

Exhibits 2, 3, and 5 contain "information whose disclosure might conceivably cause competitive harm." *See Vantage Health*, 913 F.3d at 451. This includes sensitive details about xAI's high-performance computing facilities and the supporting power infrastructure, internal operational forecasts, non-public usage metrics, and more. Artificial intelligence ("AI") companies routinely safeguard this type of highly sensitive, non-public information to avoid competitive harm.

In accordance with Local Uniform Civil Rule 79(e), Defendants submit the following non-confidential descriptions of the information requested to be filed under seal. Defendants request that these documents be sealed from public access, with CM/ECF access permitted only to the following counsel of record: Elias L. Quinn, Mary Rock, Lauren Godshall, Rebecca Ramirez, Carroll Rhodes, Benjamin Grillot, Patrick Anderson, Elizabeth Putfark, and counsel for Defendants.

The documents sought to be filed under seal are as follows:

   a. **An Unredacted Version of Defendants' Memorandum in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction.** The unredacted version of this document contains the following categories of highly sensitive, non-public information: (1) descriptions of xAI's technological infrastructure; (2) technical descriptions of xAI's AI model training and inference workloads; (3) the number of active training experiments; (4) user metrics including the number of daily and monthly active users of Grok; (5) non-public financial information including dollar amounts of investments and the value of xAI's computational resources; and (6) highly confidential and sensitive information regarding certain power sources, and their current projected operational timelines, for certain facilities. As is explained below, each of these categories covers confidential

commercial information for which public disclosure would cause competitive or other commercial harm to Defendants. Defendants filed a redacted version of the Memorandum in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction to prevent disclosure of the aforementioned information.

b. **An Unredacted Version of Exhibit 2 to Defendants' Response in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction, which contains the Declaration of Steve Worthington, a Power Generation Manager for MZX Tech LLC**. The unredacted version of this declaration contains highly sensitive, non-public information regarding Defendants' business plans and operational timelines for the power-generation equipment and sources supplying energy to the computing facilities at issue in this case. This includes, for example, the projected timeline for bringing permanent power generation assets online at the Stanton Road site and MZX's future power procurement plans—which are still subject to active negotiations. Disclosure of this confidential commercial information would give competitors valuable details about MZX's buildout capabilities and procurement strategy. Delivering fast and reliable power to hyperscale computing facilities is one of the greatest engineering challenges of the global AI race. Granular details about how quickly MZX can bring turbines online and its overall strategy for power procurement could easily be exploited by competing hyperscalers by allowing them to, among other things, benchmark their own capabilities and strategies. Defendants filed a redacted version of the declaration to prevent disclosure of the aforementioned information.

4

c. **An Unredacted Version of Exhibit 3 to Defendants' Response to Plaintiffs' Amended Motion for Preliminary Injunction, which contains the Declaration of Andree Jacobson, a member of the technical staff supporting the datacenter engineering team at xAI.** The unredacted version of this declaration contains highly sensitive, non-public information regarding the active user base of xAI's flagship artificial intelligence model, the current scale and volume of xAI's training workloads, and the next-generation Grok model. The declaration also describes the training and inference workloads that a third-party is running at the Tulane Road and Stateline computing facilities. The declaration thus includes confidential information regarding xAI's technical capabilities, operational timelines, and commercial strategy—information that competitors would find valuable and could exploit to their competitive advantage. Disclosing this information would allow competitors to: (1) gauge xAI's current user traction and inference demand to refine their own product and marketing strategies; (2) map the timeline required to compete head-to-head with xAI's forthcoming model; (3) potentially disrupt key third-party relationships by learning the degree of xAI's infrastructure reliance; (4) anticipate and exploit potential near-term gaps in power availability; and (5) otherwise leverage proprietary insights to xAI's detriment. For the avoidance of doubt, AI companies keep this type of information closely guarded. Defendants filed a redacted version of the declaration to prevent disclosure of the aforementioned information.

d. **An Unredacted Version of Exhibit 5 to Defendants' Response to Plaintiffs' Amended Motion for Preliminary Injunction, which contains the Declaration**

**of Riley Trettel, a member of the datacenter development team at xAI.** The unredacted version of this declaration contains highly sensitive, non-public information including information regarding plans for deploying additional GPUs at the Tulane Road and Stateline facilities and meeting the corresponding power demand, the anticipated timeline for bringing the permanent turbines online, xAI's broader power procurement strategy for the computing facilities, and the projected economic impact a power shortage would cause. Disclosing this information would cause serious injury to Defendants' competitive position by revealing details about xAI's cost structures, asset values, and the financial impact of operational disruptions. Among other things, public disclosure would permit competitors to: (1) benchmark xAI's infrastructure scale, capital commitments, and expansion velocity to optimize their own procurement, financing, and buildout strategies; (2) gain insight into xAI's perceived asset value; and (3) obtain a more granular understanding of xAI's planned strategy for securing sufficient power for its computing facilities. Such disclosure would undermine the company's position in future—and ongoing—negotiations with suppliers and potential customers. Defendants filed a redacted version of the declaration to prevent disclosure of the aforementioned information.

Redacting these documents is necessary because they contain highly sensitive, confidential technical and business information "whose public disclosure might conceivably cause competitive harm." *See Vantage Health*, 913 F.3d at 451. Courts in this Circuit routinely seal sensitive financial and strategic business information, even in the face of the public's common-law right of access. *See, e.g., St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, Civ. No. 23-30, 2024 WL

5440833, at *2 (E.D. La. Oct. 21, 2024) (sealing documents containing confidential business information where movants had a "strong interest" in keeping the information sealed); *FirstBank Sw. v. Heartland Fin. USA, Inc.*, Civ. No. 2:21-cv-024-Z-BQ, 2021 WL 4047398, at *3 (N.D. Tex. Sept. 2, 2021) (sealing documents containing non-public business strategies that if made public would allow competitors to derive an unfair advantage); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) ("Considering the parties' strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information, we conclude that the district court abused its discretion in ordering the information unsealed."). The documents here contain proprietary technical details, non-public financial information, and confidential information regarding xAI's third-party agreements—precisely the types of information that could cause competitive harm if disclosed. And, importantly, the redacted information is not necessary for the public to understand the merits of the parties' claims or the Court's forthcoming resolution of the issues presented—the unsealed portions of the record provide sufficient context to follow the substance of the dispute.

Defendants seek only to shield unredacted versions from public access, with CM/ECF access to the unredacted versions permitted to counsel of record. Defendants have prepared and filed with the Court redacted versions of the documents, with redactions narrowly tailored to protect the confidential information described above. Accordingly, granting Defendants' Motion to Seal would not encumber the parties' ability to adjudicate the pending claims.

Finally, Defendants request that these documents be maintained under seal for the duration of this litigation, including any appeals. Upon final resolution, the documents should remain under seal unless otherwise ordered by the Court, as the confidential information will retain its competitively sensitive nature beyond the conclusion of this case.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant leave to conventionally file under seal the foregoing documents.

Respectfully submitted this 15th day of June, 2026.

By:

/s/ Daniel W. Van Horn
Daniel W. Van Horn (MS Bar No. 102105)
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com

P. Ryan Beckett (MS Bar No. 99524)
Keri E. Herrington (MS Bar No. 106815)
BUTLER SNOW LLP
1020 Highland Colony Pkwy., Suite 1400
Ridgeland, MS 39157
(601) 948-5711
(601) 948-5177
ryan.beckett@butlersnow.com
keri.herrington@butlersnow.com

Patrick D. Traylor* (D.C. Bar No. 449350)
Jeremy C. Marwell* (D.C. Bar No.1000299)
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6500
ptraylor@velaw.com
jmarwell@velaw.com

Michael B. Buschbacher*
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Attorneys for X.AI Corp. and MZX Tech LLC*

*Pro Hac Vice*

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I filed the foregoing document with the Clerk of the

U.S. District Court for the Northern District of Mississippi through the Court's CM/ECF system,

which shall send notification of such filing to all parties of record in this case.

*/s/ Daniel W. Van Horn*
Daniel W. Van Horn