**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; and MISSISSIPPI STATE CONFERENCE OF THE NAACP** | **PLAINTIFFS** |
| **v.** | **No. 3:26-cv-00074-DMB-JMV** |
| **X.AI CORP.; and MZX TECH LLC** | **DEFENDANTS** |

**MOTION FOR LEAVE TO FILE AMICUS BRIEF**
**BY THE STATE OF MISSISSIPPI**

In accordance with Federal Rule of Civil Procedure 7 and Local Rule 7(b), the State of Mississippi respectfully moves for leave to file an amicus brief supporting defendants and opposing plaintiffs' preliminary-injunction motion, Dkts. 51, 52. The State also requests that the Court dispense with any requirement under Local Rule 7(b)(4) to file a memorandum brief in support of this motion. Defendants consent to the State's request to file an amicus brief. On the morning of June 22, plaintiffs stated that they "don't expect" to oppose that request, but "cannot confirm yet" and "hope to get back to" the State "by the end of the day or early tomorrow."

Plaintiffs seek to block defendants' operation of portable power-generating turbines at their property in Southaven, Mississippi. Defendants are using those turbines to power advanced-computing operations while a permanent power plant is built. Plaintiffs claim that, under state regulations implementing the Clean Air Act framework, defendants were required to obtain an air-pollution-control permit from the Mississippi Department of Environmental Quality before using those turbines.

In pressing that claim, plaintiffs urge this Court to reject MDEQ's reasoned determination that, under state regulations that have been approved by the Environmental Protection Agency, no permit was required.

The State seeks to submit an amicus brief to show why the law and the equities defeat plaintiffs' request for injunctive relief.

On the law: Granting plaintiffs relief would defy the governing legal framework. The Clean Air Act gives States the primary responsibility for air-pollution prevention and control. Consistent with that framework, Mississippi has adopted (and the EPA has approved) state permitting requirements for building and operating equipment that produces air pollution. Here, MDEQ determined that defendants' use of portable turbines falls within the permitting exemption in Mississippi's regulations for "mobile sources." That determination was reasonable. There is no merits basis for an injunction disturbing it.

On the equities: Granting plaintiffs relief would flout the equities and subvert the public interest. The relief that plaintiffs demand would override the State's sovereign authority, imperil massive economic benefits to the State and its citizens, risk thousands of jobs and billions of dollars in investment and tax revenue, and threaten the State's ability to attract future economic-development projects that benefit its residents. The equities doom plaintiffs' request for relief.

The State's participation as an amicus adds a vital perspective to this Court's consideration of the preliminary-injunction motion. No party can speak with the State's perspective on the Clean Air Act's cooperative-federalism framework, defend the State's authority to administer its permitting requirements, or voice the equitable

2

interests of the State and its citizens. And the State is filing its brief timely. It is filing within seven days of the parties it supports, and thus within the standard timeframe for amicus filings. *See* Fed. R. App. P. 29(a)(6). And its filing leaves ample time for plaintiffs to consider and respond to the State's submission before they file their reply brief on July 10. Dkt. 40.

The State therefore asks that the Court grant leave to file its brief, which will aid the Court in considering plaintiffs' preliminary-injunction motion. The State's proposed amicus brief is attached to this motion as Exhibit A.

**PRAYER**

The Court should grant the State's motion for leave to file an amicus brief and accept the State's brief for filing.

Dated: June 22, 2026

> Respectfully submitted,
>
> LYNN FITCH
>   *Attorney General*
>
> <u>s/ Scott G. Stewart</u>
>
> SCOTT G. STEWART (MSB #106359)
>   *Solicitor General*
> JUSTIN L. MATHENY (MSB #100754)
>   *Deputy Solicitor General*
> MISSISSIPPI ATTORNEY
>   GENERAL'S OFFICE
> P.O. Box 220
> Jackson, MS 39205-0220
> Telephone: (601) 359-3680
> Email: scott.stewart@ago.ms.gov
> *Counsel for Amicus Curiae*
>   *State of Mississippi*

3

## CERTIFICATE OF CONFERENCE

On June 19 and 22, 2026, counsel for the State conferred with counsel for defendants and plaintiffs on this motion for leave to file an amicus brief. Counsel for defendants advised that they consent to the request for leave to file that brief. On the morning of June 22, plaintiffs stated that they "don't expect" to oppose the State's motion for leave to file that brief, but "cannot confirm yet" and "hope to get back to" the State "by the end of the day or early tomorrow."

Dated: June 22, 2026

_s/ Scott G. Stewart_
SCOTT G. STEWART
_Counsel for Amicus Curiae_
_State of Mississippi_

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion has been served on all counsel of record by ECF.

Dated: June 22, 2026

_s/ Scott G. Stewart_
SCOTT G. STEWART
_Counsel for Amicus Curiae_
_State of Mississippi_

4