**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **NAACP and NAACP MISSISSIPPI STATE CONFERENCE** | |
| **Plaintiffs,** | |
| **v.** | **No. 3:26-cv-00074-DMB-JMV** |
| **X.AI CORP. and MZX TECH LLC** | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
UNITED STATES' FILING AS PROCEDURALLY DEFICIENT**

In its "Motion for Intervention and Dismissal," the United States asks that this Court allow it "to intervene as a plaintiff and then dismiss this case." *See* Dkt. No. 58. The United States' motion is procedurally deficient for at least two reasons. First, the right to intervention cited in their papers was granted by Congress to the Environmental Protection Agency ("EPA"), which is not mentioned anywhere in the Department of Justice's filings. Second, intervening as a plaintiff requires filing a complaint and articulating a claim against the defendants. Fed. R. Civ. P. 24(c). Defendants did not do that here. Plaintiffs provided the United States the opportunity to correct these deficiencies with its filings. Counsel for the United States advised, "[w]e stand by our filings."[1] As such, Plaintiffs ask this Court, pursuant to Federal Rule of Civil Procedure 12(f)(2), to strike the United States' motion and associated memorandum in support (Dkt. Nos. 54 & 55) as procedurally deficient. Should the United States be given the opportunity to file

---

[1] *See* June 25, 2026 Email from Andrew Darlington (DOJ) to Elias Quinn (Earthjustice), Re: NAACP v. xAI – United States' Intervention Effort" (Ex. 1).

papers correcting these deficiencies, Plaintiffs ask that the United States' intervention effort not delay resolution of the Parties' timely motions.

## ARGUMENT

According to its filings, the United States seeks to intervene as of right in this litigation under statutory right conferred by the Clean Air Act. The United States may have a path to participate in this lawsuit, but it has not provided a basis for its participation. The Department of Justice neither qualifies for the statutory right to intervene that it cited, nor satisfies the basic requirements for intervention set forth in the Federal Rules of Civil Procedure in its filings.

The United States proclaims (in Dkt. No. 59 at 2) that it enjoys a statutory right to intervene pursuant to 42 U.S.C. § 7604(c)(2). That provision of the Clean Air Act says that, "[i]n any action under this section, *the Administrator* [of EPA], if not a party, may intervene as a matter of right at any time in the proceeding." *Id.* (emphasis added). But there is no indication in the United States' motion or supporting memorandum that EPA or the Administrator have asked to intervene in this matter.[2] Here, counsel appear on behalf of the United States both in the docket and in the signature blocks of their filings, but do not list EPA or the Administrator. And when asked by news reporters, "[t]he Environmental Protection Agency . . . referred questions on the case to the Justice Department, saying it is not a party in the dispute."[3] The Department of

---

[2] While the Department of Justice often represents EPA in federal court, Congress's Clean Air Act recognized separate roles for the two agencies. *See* 42 U.S.C. § 7605 ("Representation in litigation"). The agencies also have a long history of implementing their distinct duties in litigation, from EPA's referral of litigation requests to DOJ, through the Administrator's concurrence in any settlement to which EPA is a party. *See* 42 Fed. Reg. 48942 (Sep. 26, 1977) (Memorandum of Understanding Between Department of Justice and Environmental Protection Agency).

[3] Matthew Daly & Bernard Condon, *In Boost to Musk, Justice Department Seeks to Dismiss Air Pollution Lawsuit Against xAI Data Center*, Associated Press (June 16, 2026), https://perma.cc/XT3M-WMXE.

Justice is thus endeavoring to intervene under a statutory right afforded to EPA's Administrator without the participation of that agency. *Contra* 42 U.S.C. § 7604(c)(2).

In any event, the Department of Justice's intervention effort falls short of what the Federal Rules of Civil Procedure require. To intervene as a party to the case, the United States must file a "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). In doing so, it must provide "a short and plain claim showing the pleader is entitled to the relief," and a clear demand for relief. Fed. R. Civ. P. 8(a)(2), (a)(3). In the past—even the recent past—the Department of Justice has satisfied this requirement by filing a complaint in intervention on behalf of the EPA Administrator when it has sought to intervene as a plaintiff.[4] No such complaint was filed here. Courts resolve cases and controversies; the United States hasn't identified one it is a part of yet. While federal pleadings need not be "excessively technical," *Farina v. Mission Investment Trust*, 615 F.2d 1068, 1074 (5th Cir. 1980), without a pleading setting forth any claim—or, indeed, any justiciable interest—against the Defendants, the United States motion fails to satisfy the "Basic Rules." Fed. R. Civ. P. 8; *see also McVey v. Johnson* (*In re SBMC Healthcare LLC*), 519 B. R. 172, 184-85 (S. D. Tex. 2014) (motion to intervene "woefully inadequate" where it was not accompanied by a well-pled complaint and the motion "did not even allege causes of action against defendants").

---

[4] *See, e.g.*, Unopposed Motion to Intervene by United States of America, *Lower Susquehanna Riverkeeper Association v. Hanover Foods Corporation,* No. 21-cv-1600-JPW (M.D. Pa. Sept. 30, 2025), ECF No. 90 (moving to intervene in a suit brought under 33 U.S.C. § 1365(a) "on behalf of the U.S. Environmental Protection Agency" and attaching a "proposed Complaint in Intervention"); Mot. for Leave to Intervene, *Fisher v. Perma-Fix of Dayton, Inc.*, No. 04-cv-0418-CHG (S.D. Ohio May 19, 2006), ECF No. 38 (same, in a suit brought under Section 7604(a)); *see also* Mot. to Intervene, *Cruise Line Int'l Ass'n v. Suganuma*, No. 25-cv-00367-JAO (D. Haw. Nov. 21, 2025), ECF No. 69 (moving to intervene aligned with plaintiffs in a constitutional challenge to a state law and attaching a proposed Complaint in Intervention alleging claims).

Importantly, the Federal Rules require *each* purported party to articulate a claim or defense. As the United States told the Supreme Court not long ago: "A 'pleading that states a claim for relief must contain' a statement of the claim showing that 'the pleader'—not some other person—'is entitled to relief.'" U.S. Petition for Certiorari at 16, *Kane County v. United States*, Case No. 20-96 (Sup. Ct. July 24, 2020) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiffs agree. But the United States has not articulated a claim for relief against Defendants, nor offered any explanation for why it can evade this black-letter requirement in this instance. Indeed, as the United States further argued in its recent cert petition:

> Rule 24 provides that a putative intervenor's "motion to intervene * * * must * * * be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). That mandatory language ("must") makes it "incumbent" upon a person desiring intervention both to file an appropriate "motion" to intervene and specify "'the claim or defense for which [it seeks] intervention.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 548 n.9 (1986) (quoting Rule 24(c)). A putative intervenor therefore has "no right to participate in the proceedings * * * without first filing an appropriate motion or pleading setting forth the claim or defense that he desire[s] to assert." *Id.* at 548.

*See id.* at 15–16; *see also Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) (affirming a judgment over a putative intervenor's objection where it "failed to file any pleading on a timely basis as required by the rule"). By its own practices, then, the Department of Justice has "no right to participate in [these] proceedings" without first fixing its failure to set forth a claim or defense for which intervention is sought.

The Department of Justice's failure under the Rules impedes Plaintiffs' ability to meaningfully assess and plan for its potential participation in this case. Put aside for the moment the substance of the United States' argument, namely that the United States as *one* party can unilaterally and "voluntarily" dismiss all the claims of *another* party by citing to Federal Rule of

Civil Procedure 41.[5] The United States has yet to establish the basis by which it could be admitted as a party in the first instance, and so has failed to satisfy the first premise of its own (deeply flawed) argument. If this Court were to grant the United States' current request to intervene but deny its request to dismiss the case, there would be no statement of dispute between the United States and Defendant for this Court to adjudicate.

It's possible that the United States could correct its pleadings in other ways and pursue other bases for intervention in this case. First, the United States could seek intervention as a defendant rather than as a plaintiff. Since it declared "no relief" was appropriate from Defendants (Dkt. No. 59 at 15), the United States—by its own admission—has no "collision of interests" with the Defendants. *Indianapolis v. Chase Nat'l Bank of N.Y.*, 314 U.S. 63, 69 (1941). And, tellingly, during the Court's July 29 status conference, counsel for the Defendants sought the opportunity to file a response to this very motion in support of the United States' intervention.

Courts have long examined a party's proper alignment when policing procedural gamesmanship. For example, when reviewing whether parties appearing to create diversity jurisdiction are truly opposed, the Supreme Court explained:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess.

314 U.S. 63, 69 (1941); *see also Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Here, the United States transparently seeks plaintiff-status in this case in order to make use of a plaintiffs-

---

[5] This motion aims only to highlight the procedural infirmities of United States' motion to intervene. The substantive failures of the Governments' arguments regarding the operation of Rule 41 will be addressed in Plaintiffs opposition to the United States' motion to dismiss, due July 10 pursuant to this Court's Order. (Dkt. No. 40).

only tool: Rule 41 dismissal. The United States' attempt to intervene a plaintiff in this case is a chess move; it is not the pursuit of practical ends in a dispute with a party on the opposite side of the "v."

Alternatively, the United States could pursue limited party status pursuant to 28 U.S.C. § 2403, which allows the United States to intervene in matters involving the constitutionality of federal statutes "for the presentation of evidence" and for "argument on the question of constitutionality." But it has not sought to do so here. And, of course, intervention under that provision would limit the United States' participation as a party "to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." 28 U.S.C. § 2403(a). *Accord Ruotolo v. Ruotolo*, 572 F.2d 336, 340 (1st Cir. 1978) (Section 2403 intervention did not give the United States a "justiciable issue" in the proceeding such that it could pursue the litigation after the original parties had settled).

Finally, if the United States cannot identify claims or defenses it seeks to present in this action and protect as a party, the United States could file its legal arguments as amicus curiae.

The United States can likely establish *some* basis on which it may participate in this case to *some* extent. But the United States' filing is inscrutable, seeking "Plaintiff" status, aligning with Defendants' arguments, and flatly refusing to pinpoint any controversy to be adjudicated. Whatever role it aims to play here—as Plaintiff (with a complaint supported by EPA), as Defendant (with a stated defense to the claims or interest in the relief sought), as a party limited to addressing a constitutional question, or as amicus—the United States must clarify the basis for and scope of its proposed participation in this case.

As such, Plaintiffs ask that this Court strike the United States' Motion to Intervene and Dismiss as well as its memorandum in support (Dkt. Nos. 54 & 55).

6

Dated: July 1, 2026

Respectfully submitted,

*/s/ Carroll Rhodes*

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE
  OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsouth.net
Phone: 601-894-4323


*/s/ Elias L. Quinn*

Elias L. Quinn (CO Bar No. 42159)
*(Pro Hac Vice)* – Lead Counsel
Mary Rock (IL Bar No. 6332240)
*(Pro Hac Vice)*
EARTHJUSTICE
D.C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
*(Pro Hac Vice)*
Rebecca Ramirez (TX Bar No. 24126749)
*(Pro Hac Vice)*
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org
rramirez@earthjustice.org
Phone: 773-828-0836

*/s/ Benjamin Grillot*

Benjamin Grillot (DC Bar. No. 982114)
*(Pro Hac Vice)* – Lead Counsel
SOUTHERN ENVIRONMENTAL LAW CENTER
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

Patrick Anderson (GA Bar No. 226260)
*(Pro Hac Vice)*
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone: 404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
*(Pro Hac Vice)*
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone: 434-977-4090

*Counsel for Plaintiffs*

7