**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE,<br><br>                    Plaintiff,<br>    v.<br><br><br>X.AI and MZX TECH LLC,<br><br>                Defendants. | Case No. 3:26-cv-00074-DMB-JMV |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................1

BACKGROUND .............................................................................................................1

STANDARD OF REVIEW ...............................................................................................2

ARGUMENT...................................................................................................................3

I.      The United States can intervene as of right under the citizen-suit
provision. .........................................................................................................4

II.     The United States may intervene without a complaint in intervention and,
in any event, any technical noncompliance with Rule 24(c) should be
excused...............................................................................................................4

CONCLUSION..............................................................................................................12

i

# TABLE OF AUTHORITIES

**Cases**                                                                                              Pages(s)

*Aransas Project v. Shaw*,
 2010 WL 2522415 (S.D. Tex. June 17, 2010) ...........................................................................7

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*,
 306 F.2d 862 (5th Cir. 1962)..................................................................................................3

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
 966 F.2d 470 (9th Cir. 1992)..................................................................................................6

*City of Bangor v. Citizens Commc'ns Co.*,
 532 F.3d 70 (1st Cir. 2008) ....................................................................................................6

*DeOtte v. State*,
 20 F.4th 1055 (5th Cir. 2021)................................................................................................5

*Doctors Hosp. 1997 LP v. Beazley Ins.*,
 2009 WL 3719482 (S.D. Tex. Nov. 3, 2009)..........................................................................7

*Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*,
 123 F.4th 309 (5th Cir. 2024) (en banc).........................................................................1, 4, 5, 9

*Farina v. Mission Inv. Tr.*,
 615 F.2d 1068 (5th Cir. 1980)................................................................................................5

*Frazier v. Luther*,
 2025 WL 2918830 (N.D. Miss. Oct. 14, 2025).......................................................................3

*Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*,
 528 U.S. 167 (2000) .......................................................................................................1, 4, 5, 9

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
 484 U.S. 49 (1987) .................................................................................................................2

*In re SBMC Healthcare, LLC*,
 519 B.R. 172 (S.D. Tex. 2014)..............................................................................................10

*In re Toyota Hybrid Brake Litig.*,
 2020 WL 6161495 (E.D. Tex. Oct. 21, 2020).........................................................................7

*Int'l Marine Towing, Inc. v. S. Leasing Partners, Ltd.*,
 722 F.2d 126 (5th Cir. 1983)..................................................................................................6

ii

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
  677 F.2d 1045 (5th Cir. 1982) ................................................................................2

*Kane County v. United States*,
  928 F.3d 877 (10th Cir. 2019), *cert. denied*, 141 S. Ct. 1283 (2021) ................................10, 11

*Massachusetts v. Microsoft Corp.*,
  373 F.3d 1199 (D.C. Cir. 2004) ...............................................................................7, 12

*Missouri v. U.S. Food & Drug Admin.*,
  2025 WL 1223581 (N.D. Tex. Apr. 28, 2025) ....................................................................7

*Moore v. United Prop. & Cas. Ins. Co.*,
  2026 WL 1753492 (E.D. La. June 17, 2026) ....................................................................7

*Newby v. Enron Corp.*,
  443 F.3d 416 (5th Cir. 2006) ................................................................................10

*Peaje Invs. LLC v. Garcia-Padilla*,
  845 F.3d 505 (1st Cir. 2017) ...........................................................................5, 7, 9

*Providence Baptist Church v. Hillandale Comm., Ltd.*,
  425 F.3d 309 (6th Cir. 2005) .................................................................................7

*Shevlin v. Schewe*,
  809 F.2d 447 (7th Cir. 1987) .................................................................................9

*United States v. Coney*,
  689 F.3d 365 (5th Cir. 2012) .................................................................................3

*United States v. Louisiana*,
  543 F.2d 1125 (5th Cir. 1976) ................................................................................6

*United States v. Metro. St. Louis Sewer Dist.*,
  569 F.3d 829 (8th Cir. 2009) .................................................................................6

**Statutes**

28 U.S.C. § 517 ............................................................................................10

28 U.S.C. § 2403(a) .........................................................................................10

42 U.S.C. § 7401 *et seq.*....................................................................................2

42 U.S.C. § 7604............................................................................................2

42 U.S.C. § 7604(c)(2)..........................................................................................2, 4, 5

42 U.S.C. § 7604(c)(3)................................................................................................2

**Rules**

Fed. R. Civ. P. 8.........................................................................................................7

Fed. R. Civ. P. 8(d) ....................................................................................................5

Fed. R. Civ. P. 12(f)................................................................................................3, 8

Fed. R. Civ. P. 24(a)(2)............................................................................................11

**Other Authorities**

C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed. Apr. 2026 update) ..................2

**INTRODUCTION**

"[I]f the Executive Branch opposes a particular citizen suit" under the Clean Air Act, it may "intervene" and "bring the Government's views to the attention of the court." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 188 n.4 (2000); *see Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 123 F.4th 309, 344 (5th Cir. 2024) (en banc) (Davis, J., concurring). That is what the Executive Branch has done in this case. Plaintiffs NAACP and NAACP Mississippi State Conference (NAACP) pursue a Clean Air Act citizen suit that threatens the country's national security and welfare. Dkt. No. 59 at 5-6, 8-9. The United States intervened to bring to the attention of this Court its view that this citizen suit should be dismissed. *Id*. at 1-2. The Clean Air Act and Article II afford the United States' Executive Branch primacy over enforcement of federal law relative to citizens. *Id.*

The NAACP moves to strike the United States' intervention filings pursuant to Federal Rule of Civil Procedure 12(f)(2). Dkt. Nos. 82, 83. The NAACP's motion should be denied. The NAACP's motion falls woefully short of the high bar for striking filings. Even worse, it bucks binding precedent in hopes of implementing its own environmental-enforcement goals using the Clean Air Act.

**BACKGROUND**

The Clean Air Act provides for federal regulation, with state cooperation, in the field of interstate emissions. *See* 42 U.S.C. § 7401 *et seq.* As detailed in the United States' Memorandum in Support of Intervention and Dismissal, the U.S. Environmental Protection Agency (EPA) has broad power to administer and enforce the Act. Dkt. No. 59 at 2-4. The Act also contains a "citizen suit" provision to "supplement rather than to supplant" government enforcement. Dkt.

1

No. 59 at 4-5 (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987)).  The citizen-suit provision, 42 U.S.C. § 7604, enables the federal government to intervene in any citizen suit to protect the interests of the United States.  Section 7604(c)(2) provides that, "[i]n any action under this section, the Administrator, if not a party, may intervene as a matter of right at any time in the proceeding."  42 U.S.C. § 7604(c)(2).  Even at the point of resolution, the federal "Government" may intervene regarding proposed consent judgments in citizen suits where "the United States is not a party."  *Id.* § 7604(c)(3).  *Gwaltney* concerned the Clean Water Act and cases regarding that statute are, as explained in the United States' Memorandum in Support of Intervention and Dismissal, equally applicable in the Clean Air Act context here.  Dkt. No. 59 at 4 n.1.

The NAACP filed this Clean Air Act citizen suit on April 14, 2026.  Dkt. No. 1.  On the same day that the defendants filed their Motion to Dismiss and their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, Dkt. Nos. 54, 55, 60, 61, the United States filed its Motion for Intervention and Dismissal with a Memorandum in Support, Dkt. Nos. 58, 59.  On July 1, 2026, the NAACP moved to strike the United States' intervention filings in their entirety under Rule 12(f)(2).  Dkt. No. 82 (motion); Dkt. No. 83 (memorandum in support).  The United States now, acting on behalf of the Administrator of the U.S. Environmental Protection Agency, Lee M. Zeldin (together, the United States), separately files an Amended Motion and Memorandum in Support of Intervention and Dismissal, and responds here to Plaintiffs' motion to strike.

## STANDARD OF REVIEW

Motions to strike are "disfavored."  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. &

Proc. Civ. § 1380 (3d ed. Apr. 2026 update) (compiling cases). Rule 12(f) allows striking in limited circumstances—"[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant" refers to "needless repetition," "[i]mmaterial" matter has "no possible bearing upon the subject matter of the litigation," "[i]mpertinent" matter does "not pertain . . . to the issues in question," and "scandalous" matter "improperly casts a derogatory light on someone." *Frazier v. Luther*, 2025 WL 2918830, at *2 (N.D. Miss. Oct. 14, 2025) (citation omitted).

As the text implies, Rule 12(f) sets a "high bar." *Id.* Striking a filing "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (marks omitted); *see also United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). Motions to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Augustus*, 306 F.2d at 868. The movant must also "show[] prejudicial harm" caused by the material proposed to be stricken. *Id.*

## ARGUMENT

The NAACP falls far short of the high bar to justify striking the United States' intervention filings by ignoring binding precedent establishing the United States' right to intervene. The NAACP offers two supposed justifications for striking the United States' intervention filings. First, the NAACP contends that "the Clean Air Act grants a right of intervention to 'the Administrator' of the [EPA]." But the United States has filed an Amended Motion to Intervene that nullifies this contention. Second, the NAACP argues that the United States' intervention motion must be "accompanied by a complaint" to satisfy Rule 24(c)'s requirement for notice and pleading, but the United States' intervention is procedurally proper.

3

I.       **The United States can intervene as of right under the citizen-suit provision.**

The United States has filed its Amended Motion for Intervention and Dismissal in which it is acting on behalf of the Administrator of the EPA. The Amended Motion dispenses with Plaintiffs' contention that the United States may not intervene pursuant to 42 U.S.C. § 7604(c)(2), Dkt. No. 82 at 1.  The United States properly moves by amendment to intervene under the Clean Air Act.  As discussed further below, the United States can properly present the views of the Executive Branch, including under the Clean Air Act.  *See Laidlaw*, 528 U.S. at 188 n.4.

II.      **The United States may intervene without a complaint in intervention and, in any event, any technical noncompliance with Rule 24(c) should be excused.**

Next, the Clean Air Act and Federal Rules of Civil Procedure enable the United States to intervene as necessary to exercise the Executive Branch's preclusive enforcement discretion to dismiss this case—without filing a complaint in intervention.

**A.**  As an initial matter, the Clean Air Act enables the Federal government to "intervene" to "bring the Government's views to the attention of the court" when "the Executive Branch opposes a particular citizen suit."  *Laidlaw*, 528 U.S. at 188 n.4; *see ExxonMobil*, 123 F.4th at 344 (Davis, J., concurring).  This right is unconditional—the United States may intervene "as a matter of right *at any time* in the proceeding."  42 U.S.C. § 7604(c)(2) (emphasis added).  This unconditional intervention right facilitates the United States' ability to deny consent for citizens' attempted enforcement of federal law, given that the Clean Air Act "authorizes citizen suits only with the consent of governing authorities."  *ExxonMobil*, 123 F.4th at 375 n.32 (Jones, J., dissenting).  And the statute speaks of no specific procedural requirements or prerequisites to intervene and deny consent for a citizen suit, much less any requirement that the government file a

4

complaint upon intervention (which would make no sense if the government does not wish to assert any claim).  Congress' intentions are thus clear: the United States' opposition to a citizen suit enables it to intervene without filing a complaint of its own.  Any requirement that the United States file a complaint in a citizen suit that it *opposes* would deprive it of its ability to determine no enforcement is warranted and deny consent for the suit.

Accordingly, Rule 24(c)'s "[n]otice and [p]leading" requirement, insofar is it requires typical plaintiff-intervenors to submit a complaint in intervention, does not qualify the United States' section 7604(c)(2) intervention right.  42 U.S.C. 7604(c)(2); *Laidlaw*, 528 U.S. at 188 n.4.  But, even assuming that Rule 24(c) does, the United States' currently filed intervention motion and memorandum in support, and the amended filings, satisfy Rule 24(c).  Dkt. Nos. 58, 59.  The majority of "circuits . . . have eschewed overly technical readings of Rule 24(c)." *Peaje Invs. LLC v. Garcia-Padilla*, 845 F.3d 505, 515-16 (1st Cir. 2017).  The Fifth Circuit is one of them—it applies a "permissive interpretation" of Rule 24(c).  *DeOtte v. State*, 20 F.4th 1055, 1067 n.2 (5th Cir. 2021).  That permissive interpretation tracks Rule 8's general rules of pleading, under which "[n]o technical form is required."  Fed. R. Civ. P. 8(d).

Under the permissive interpretation, Rule 24(c) allows for intervention even where there is no formal intervention motion or "pleading" as specified in Rule 24(c).  For example, in *Farina v. Mission Investors Trust*, the Fifth Circuit concluded that the Federal Deposit Insurance Corporation was a party although it only filed "a motion to remove," rather than "a motion to intervene[] as specified in Rule 24(c)."  615 F.2d 1068, 1075 (5th Cir. 1980).  In *DeOtte*, the Fifth Circuit *reversed* a district court for denying intervention to the State of Nevada although Nevada filed no technical "pleading"; Nevada filed opposition memoranda to motions for summary judgment and injunctive relief.  20 F.4th at 1067 n.2, 1070 (noting the absence of a technical pleading

5

but concluding that "Nevada should have been granted intervention as of right"); *see* Dkt. No. 62, Case No. 4:18-cv-825 (N.D. Tex. May 24, 2019). And consider *United States v. Louisiana*, where the intervenor NAACP's "detailed, scholarly memoranda of law" accompanying its motion to intervene sufficiently apprised the district court of the grounds for intervention and the motion was denied on other grounds. 543 F.2d 1125, 1128 & n.4 (5th Cir. 1976). The Fifth Circuit is even "lenient in hearing the appeals of parties" that did not comply with Rule 24(c). *Int'l Marine Towing, Inc. v. S. Leasing Partners, Ltd.*, 722 F.2d 126, 129 (5th Cir. 1983).

Binding precedent thus establishes that the United States' intervention filings—which explain the government's reasons for intervention and request for dismissal—suffice for Rule 24(c) purposes. What matters under Rule 24(c) is that the intervenor affords the original parties sufficient notice of the grounds for intervention and the arguments to be raised. *See United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) (a "statement of interest satisfie[d] Rule 24(c)"); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (where the movant-intervenor simply sought relief from a protective order); *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 95 n.11 (1st Cir. 2008) (no abuse of discretion in the district court's "decision to elevate substance over form"). There can be no dispute here that the United States' Motion to Intervene and Dismiss, together with the Memorandum in Support, provide sufficient notice. The United States' intervention filings detail at length the government's statutory basis for intervention, the national security and general welfare interests that it seeks to protect, its request of the Court to dismiss this case, and its legal arguments in support of that request, along with two exhibits supporting the United States' decision to intervene and dismiss. Dkt. No. 59 at 5-24.

For the same reasons, even assuming that the NAACP has shown technical noncompliance with Rule 24(c), that is not a basis to strike (or even deny) the United States' intervention filings. Where intervention filings afford the original parties sufficient notice, "procedural defects in connection with intervention motions," like failures to attach formal pleadings, "should generally be excused." *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 n.19 (D.C. Cir. 2004). So, in *Providence Baptist Church v. Hillandale Comm., Ltd.*, for example, the Sixth Circuit "conclude[d] that the district court abused its discretion in rejecting [a] motion to intervene on the basis that it failed to attach a pleading." 425 F.3d 309, 314-15 (6th Cir. 2005). Notwithstanding the lack of a pleading, "the parties [we]re clearly on notice as to [the intervenor]'s position and arguments," and "[t]he district court's exacting application of Rule 24(c) [wa]s not in accord with the jurisprudence of a majority of the Circuits" (including the Fifth Circuit). *Id.* The First Circuit similarly reversed a district court's "overly technical reading of Rule 24(c)" in *Peaje Investments* because the intervenor's brief in "opposition" to lifting a stay, "setting forth [the intervenor's] position," was sufficient. 845 F.3d at 515-16.[1]

---

[1] District courts within the Fifth Circuit are in accord. *E.g.*, *Aransas Project v. Shaw*, 2010 WL 2522415, at *7-8 (S.D. Tex. June 17, 2010) (granting intervention where the intervenor "intend[ed] to file" a dismissal motion because, while the intervenor did "not formally compl[y] with Rule 24(c)," it "presented the interests it seeks to protect, and clearly indicates its position in this litigation"); *Missouri v. U.S. Food & Drug Admin.*, 2025 WL 1223581, at *2 n.1 (N.D. Tex. Apr. 28, 2025) (declining to deny intervention based on failure to "produce a 'pleading'" because "[t]he Fifth Circuit is lenient on this technical requirement because of Federal Rule of Civil Procedure 8(d)(1) and 8(e), which require courts to abstain from requiring technical forms of pleadings or motions and instead construe them 'as to do justice'" (quoting Fed. R. Civ. P. 8)); *In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *11 (E.D. Tex. Oct. 21, 2020) (considering intervention motion on its merits although it was not accompanied by a pleading, applying "the lenient approach taken by other courts in the Fifth Circuit"); *Moore v. United Prop. & Cas. Ins. Co.*, 2026 WL 1753492, at *1 n.4 (E.D. La. June 17, 2026) (granting intervention where the "intervenor put the parties on notice of his grounds for intervention," despite not doing so through a pleading (cleaned up)); *Doctors Hosp. 1997 v. Beazley Ins.*, 2009 WL 3719482, at *4 (S.D. Tex. Nov. 3, 2009) ("allow[ing] intervention without an express pleading," given the "obviousness" of the intervenor's interest).

The NAACP cannot credibly claim that it lacks sufficient notice of the United States' position and arguments here. The United States has identified in detail the "basis for and scope of its proposed participation in this case." Dkt. No. 83 at 6. Accordingly, technical compliance with Rule 24(c) or not, this Court should decline to strike the United States' intervention filings.

**B.** The NAACP's counterargument—that Rule 24(c) requires the United States to file a complaint pursuing claims against the defendants—fails. Dkt. No. 83 at 3-6. The NAACP elevates form over substance in defiance of longstanding Fifth Circuit precedent permissively applying Rule 24(c) to raise the United States' burden beyond what the Rules and binding interpretations require.

At the outset, the NAACP tries to have it both ways. It simultaneously invokes Rule 12(f) to strike the United States' intervention filings, while also arguing that those filings do not satisfy Rule 24(c)'s requirement for "notice and pleading." But Rule 12(f), by its express terms, allows a court to strike material "from a pleading." Fed. R. Civ. P. 12(f). The NAACP declines to explain why the term "pleading" in Rule 12(f) should be ignored for purposes of its motion to strike but gives an overly technical interpretation to assess whether the United States may intervene consistent with Rule 24(c). Indeed, any suggestion that "pleading" should be interpreted hyperliterally in Rule 24(c) would flout Fifth Circuit precedent.

The NAACP musters no authority to support its belief that a motion to intervene as a plaintiff, without a complaint in intervention, is a basis to strike the United States' intervention filings under Rule 12(f). All the NAACP offers is a nonbinding Seventh Circuit case, a bankruptcy case, and a 2020 Supreme Court certiorari petition filed by the United States. Dkt. No. 83 at 3-4. Not only are these authorities insufficient to overcome the binding precedent that sup-

ports the United States' intervention. *See* Argument § II.A. Each case also involved circumstances that are wholly irrelevant to the circumstances here. *See Peaje Investments*, 845 F.3d at 515 (Rule 24(c) must be construed in light of a case's "unique procedural context").

First, the NAACP's only circuit-level authority—*Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987); *see* Dkt. No. 83 at 4. *Shevlin* did not concern a motion to strike intervention filings for failure to attach a complaint. Nor did it even concern a *denial* of an intervention motion. *Contra id.* (suggesting that *Shevlin* involved a "putative" intervenor). *Shevlin* concerned a party that the district court "*allowed*" to intervene—without having filed a "pleading"—after the original parties litigated a preliminary injunction. 809 F.2d at 449-50 (emphasis added). The original parties then moved to dismiss the action based on a settlement, and the intervenor submitted a "memorandum opposing the settlement and dismissal." *Id.* The Seventh Circuit affirmed over the intervenor's objection because, once the original parties settled, there were no claims left for the district court to adjudicate. *Id.*

*Shevlin*'s procedural posture makes it inapposite here. The United States has not asserted that this case must proceed without claims for this Court to adjudicate; it has asserted that this case must *end* because the NAACP's claims must be dismissed. Moreover, *Shevlin* itself explained that it "[d]id not advocate a strict interpretation" of Rule 24(c) "in all circumstances"— recognizing that Rule 24(c) must be viewed in the context of the specific case. *Id.* at 450. As already explained, in the specific context at issue here, the Supreme Court and seven Fifth Circuit judges have endorsed the Executive Branch's right to "intervene" to "bring its views" in opposition to a citizen suit "to the attention of the court." *Laidlaw*, 528 U.S. at 188 n.4; *ExxonMobil*, 123 F.4th at 344 (Davis, J., concurring). Neither the Supreme Court nor the Fifth Circuit has held, as the NAACP would have it, that the United States is relegated to an "amicus curiae"

9

when it informs a court of its opposition to a citizen suit. Dkt. No. 83 at 6. And neither court suggested that the United States is limited to the intervention right in 28 U.S.C. § 2403(a). *Id.*[2]

The NAACP's remaining authorities are equally unpersuasive. Dkt. No. 83 at 3-4. The bankruptcy case—*In re SBMC Healthcare, LLC*—mischaracterized Fifth Circuit precedent, which has not interpreted Rule 24(c) to disallow intervention anytime a party intervenes without attaching a complaint. 519 B.R. 172, 185 (S.D. Tex. 2014). All that leaves is the NAACP's misguided reliance on the United States' petition for certiorari in *Kane County v. United States*. Dkt. No. 83 at 4 (citing U.S. Pet. for Certiorari, No. 20-96 (S. Ct. July 2020) (hereafter, *Kane County* Petition)). The NAACP wrongly believes that the petition shows the United States is contradicting "its own practices" by intervening without filing a complaint in this case. Dkt. No. 83 at 4.[3]

*Kane County* concerned a county's lawsuit against the United States under the Quiet Title Act, 28 U.S.C. § 2409a, claiming that the county held title to certain rights-of-way for various public roads. *Kane County v. United States*, 928 F.3d 877, 882 (10th Cir. 2019), *cert. denied*, 141 S. Ct. 1283 (2021). Environmental groups sought intervention under Rule 24(a)(2), which

---

[2] The NAACP's concession that section 2403(a) provides an independent statutory basis for the United States' intervention without filing a pleading (Dkt. No. 83 at 6) is itself enough to deny the motion to strike. In addition to section 2403(a), "any officer of the Department of Justice" may "attend to the interest of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517.

[3] Relatedly, the NAACP offers a footnote that cites cases where the United States intervened in citizen suits and filed complaints. Dkt. No. 83 at 3 n.4. It fails to acknowledge, however, that the United States filed complaints in those actions because it agreed with the citizens' determinations that enforcement of federal law was *warranted*. The Executive Branch has made the opposite determination here. Dkt. No. 59 at 9. That does not mean the United States must intervene as a defendant rather than as a plaintiff for there to be a "case[] or controvers[y]" for this Court to adjudicate, as the NAACP argues in conclusory fashion. Dkt. No. 83 at 3, 5-6 (invoking irrelevant principles of diversity jurisdiction); *cf. Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006) ("there is no Article III requirement that intervenors have standing in a *pending* case").

10

allows intervention as of right by anyone who, among other requirements, "claims an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit concluded that the putative intervenors' "environmental concern"—their desire to prevent harms from increased traffic on the roads—was an "interest" within the meaning of Rule 24(a)(2). *Kane County*, 928 F.3d at 892. The United States then sought certiorari on whether that specific "environmental concern" was an "interest" within the meaning of the rule. *Kane County* Pet. at I.

Those circumstances make *Kane County* wholly irrelevant to whether this Court should strike the United States' intervention filings for lack of a complaint in intervention. For one, the United States has not asserted a mere "interest" justifying intervention under Rule 24(a)(2) (though it obviously has such an interest); it has asserted the government's "unconditional right to intervene by a federal statute" pursuant to Rule 24(a)(1). *See* Dkt. No. 59 at 1. Second, insofar as the United States' petition addressed Rule 24(c), it interpreted how the rule applied in the specific context of *Kane County*—whether an intervenor's environmental concern justified intervention in a dispute about who owned title to certain lands. *See Kane County* Pet. at 14-16; U.S. Reply Br. at 2, *United States v. Kane County*, No. 20-96 (S. Ct. Nov. 2020). Rule 24(c)'s requirement for notice and pleading must likewise be construed in the specific context here, where, consistent with Article II, the government's right to intervention in Clean Air Act citizen suits necessarily includes the right to dismiss the citizen suit. Dkt. No. 59 at 8-23. It would be absurd to require a complaint in intervention in this specific context where the statutory intervention right includes a right to dismissal. In fact, not once does the NAACP specify "what type" of

11

complaint the United States could "have filed in a case such as this" where it opposes any Clean Air Act enforcement. *Microsoft Corp.*, 373 F.3d at 1236 n.19.[4]

## CONCLUSION

For the foregoing reasons, the NAACP's motion to strike (Dkt. No. 82) should be denied.

---

[4] The NAACP suggests that Rule 41 is not the correct procedural mechanism for dismissing this citizen suit, but it disclaims any request that the United States' intervention filings be stricken on that basis. Dkt. No. 83 at 4-5 & n.5. Regardless, Rule 41 is the proper mechanism for the United States to dismiss a citizen suit upon intervention.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General
U.S. Department of Justice

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

JOHN K. ADAMS
Deputy Associate Attorney General
U.S. Department of Justice

ROBERT N. STANDER
Deputy Assistant Attorney General
Environment and Natural Resources Division

JUSTIN D. HEMINGER
Acting Deputy Assistant Attorney General
Environment and Natural Resources Division

MICHAEL WEISBUCH
Senior Counsel to the Associate Attorney General

/s/ Andrew M. Darlington
ANDREW M. DARLINGTON, Lead Counsel
Counsel to the Assistant Attorney General
Florida Bar No. 1018895
KYLE GLYNN
Attorney
D.C. Bar No. 90005572
U.S. Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 532-3365 (Darlington)
Andrew.Darlington2@usdoj.gov
(202) 598-9568  (Glynn)
Kyle.Glynn@usdoj.gov

*Counsel for the United States*

July 7, 2026

13