**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**NATIONAL ASSOCIATION FOR**                                          **PLAINTIFFS**
**THE ADVANCEMENT OF COLORED**
**PEOPLE; and MISSISSIPPI STATE**
**CONFERENCE OF THE NAACP**

**V.**                                                        **NO. 3:26-CV-74-DMB-JMV**

**X.AI CORP.; and MZX TECH LLC**                                      **DEFENDANTS**

**ORDER**

On June 12, 2026, the National Association for the Advancement of Colored People and

the Mississippi State Conference of the NAACP filed an amended motion for a preliminary

injunction ("PI Motion").  Doc. #51.  X.AI Corp. and MZX Tech LLC filed a response in

opposition on June 15, attaching seven exhibits,[1] three of which are redacted:  Exhibit 2,

"Declaration of Steve Worthington;" Exhibit 3, "Declaration of Andree Jacobson;" and Exhibit 5,

"Declaration of Riley Trettel."  Docs. #60, #60-2, #60-3, #60-5.  The defendants' corresponding

memorandum is also redacted.  Doc. #61.

Also on June 15, the defendants filed a motion for leave to file under seal unredacted

versions of their redacted memorandum and the three redacted exhibits, with CM/ECF access

limited to counsel of record.[2]  Doc. #62 at 1.  As cause, the defendants represent that "[t]he

confidential commercial information proposed for redaction in [their] Memorandum in Opposition

to Plaintiffs' Amended Motion for Preliminary Injunction and Exhibits 2, 3, and 5 contain

---

[1] Docs. #60-1 to -7.

[2] The defendants' memorandum in support of the motion to seal identifies the attorneys for the plaintiffs to be permitted access along with their own attorneys.  Doc. #63 at 3.  The Court presumes that the defendants intend to include any attorney of record for any party who may subsequently enter an appearance in the case.

information whose disclosure might conceivably cause competitive harm," including "sensitive details about xAI's high-performance computing facilities and the supporting power infrastructure, internal operational forecasts, non-public usage metrics, and more;" and "the redacted information is not necessary for the public to understand the merits of the parties' claims or the Court's forthcoming resolution of the issues presented." Doc. #63 at 2–3, 7 (internal quotation marks omitted). According to the defendants, "Plaintiffs take no position on [their] motion to seal, and reserve the right to challenge the proposed sealing of specific materials once they've had an opportunity to review them following their filing." Doc. #62 at 2.

On July 2, the plaintiffs advised the Court by e-mail that they "have conferred with Defendants' counsel on the pending Motion to Seal;" "Defendants agreed to un-redact portions of the currently redacted text;" and "[b]ased on [their] understanding that the text agreed upon will be un-redacted, [they] take no position on the remaining redactions." In a July 7 e-mail, the defendants informed the Court that after discussions with the plaintiffs, they "have agreed to remove redactions related to the operational timelines for the temporary and permanent turbines, as well as general statements concerning the magnitude of investments and the general harm that would be caused by a preliminary injunction."[3] The defendants attached to the e-mail amended redacted versions of their memorandum and Exhibits 2, 3, and 5.

"'The public has a common law right of access to judicial records.'" *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025) (quoting *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024)). Consequently, "[t]here is a presumption in favor of access to judicial records and 'sealing judicial records is … heavily

---

[3] In the same e-mail, the defendants provided additional justifications for the redaction of certain information which were not included in their motion to seal and memorandum in support, explaining that such justifications are "highly confidential."

disfavored.'" *Id*. Whether to seal judicial records from the public is committed to the sound discretion of the district court, which must balance "'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)). To that end, Local Rule 79(b) mandates that "[n]o document may be filed under seal, except upon entry of an order of the court."[4]

Having considered the arguments and authorities in the defendants' memorandum in support of their motion to seal (and the justifications detailed in the defendants' June 7 e-mail),[5] the Court concludes that the risk of competitive harm to the defendants from disclosure of the redacted information to the public outweighs the public's interest in accessing the redacted information, particularly given the limited nature of the redactions. *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019) (specific allegations of competitive harm may warrant sealing or redaction); *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) ("[S]ealing may be appropriate where [documents] incorporate confidential business information."); *Bennett v. Douglaston Realty Mgmt. Corp.*, No. 3:24-cv-2787, 2025 WL 2443385, at *2 (N.D. Tex. Aug. 25, 2025) (sealing of documents containing third parties' confidential information and defendant's "private financial information"

---

[4] Under Local Rule 79, "[n]o document may be sealed merely by stipulation of the parties," and "[a] confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of [such rule]." L.U. Civ. R. 79(d).

[5] Local Rule 79(e) requires a motion to seal to be accompanied by a non-confidential supporting memorandum (or a confidential memorandum) and a proposed order that both must include, among other things, "[a] non-confidential description of what is to be sealed," "[r]eferences to governing case law," "why the specific character of sealing … is most appropriate," and "why another procedure [other than sealing] will not suffice." L.U. Civ. R. 79(e)(3)(A), (C), (D). Contrary to Local Rule 79(e), the defendants' proposed order did not include a non-confidential description of what is to be sealed, and the defendants did not expressly explain why the character of sealing they request is most appropriate. However, since they substantially complied with Local Rule 79, in the interest of efficiency, the Court will excuse these procedural deficiencies.

3

appropriate when disclosure would "likely cause [defendant] competitive harm").    So, the motion to seal [62] is **GRANTED**.

No later than July 13, 2026, the defendants may file (1) an amended response to the PI Motion with the three amended redacted exhibits attached, along with their other exhibits; (2) an amended redacted memorandum;[6] and (3) unredacted versions of the three exhibits and memorandum under seal.[7]  Since the plaintiffs' deadline to reply in support of the PI Motion is currently July 10,[8] the plaintiffs' reply deadline is extended through and until July 15, 2026.[9]

**SO ORDERED**, this 9th day of July, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] The defendants' amended response and amended memorandum must not contain any alterations beyond that authorized by this order.  To avoid confusion, when the defendants file their amended response and amended memorandum, the Court may have the Clerk's Office make a notation on the docket to disregard the entries constituting their prior response and memorandum.

[7] The defendants must contact the Clerk's Office—not the Court's chambers—for any assistance in that regard.

[8] Doc. #40.

[9] Any references and/or citations by the plaintiffs to the defendants' response documents must be to the amended and/or sealed versions.