**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **NAACP and NAACP MISSISSIPPI STATE CONFERENCE**<br><br>   **Plaintiffs,**<br><br> **v.**<br><br>**X.AI CORP. and MZX TECH LLC**<br><br>   **Defendants.** | **No. 3:26-cv-00074-DMB-JMV** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

In their Motion to Dismiss (Dkt. No. 54) and Memorandum in Support (Dkt. No. 55), Defendants xAI Corp. and MZX Tech LLC (together "xAI") ask this Court to set aside the plain requirements of the Clean Air Act and upend decades of precedent in order to accommodate their business plan. As further set forth in the attending Memorandum in Opposition, Plaintiffs NAACP and NAACP Mississippi State Conference (together "NAACP") establish xAI's arguments lack merit:

1. First, xAI seeks dismissal by arguing that NAACP, as an association, does not have statutory standing to bring suit under the Clean Air Act on behalf of its members. This argument ignores the text, context, and plain purpose of the Clean Air Act, as well as decades of precedent.

2. Next, xAI argues that claims 1 and 2 must be dismissed because its Colossus Gas Plant is exempt from the Clean Air Act's permitting requirements—or at least that the company did not have fair notice that the Plant's construction might trigger such obligations. But the exemptions it claims lack a textual basis in the regulations or any limiting principle. There is no exemption for "temporary" turbines, and the turbines are stationary sources, not mobile sources

1

under both the Clean Air Act and Mississippi's SIP. And its "no notice" argument ignores EPA's explicit statements that *these* types of combustion turbines were stationary sources (and so required stationary source permitting), and warnings this same community provided to xAI that the company's nearly identical conduct at a nearby Memphis site violated the Clean Air Act. Rather than heed these warnings, xAI built its plant without applying for a permit describing its plans or assessing the pollution, leaving NAACP to play the detective to defend members' rights to clean air and build its case from public records requests, satellite images, and overflight photos. xAI suggests that NAACP delayed this lawsuit, but the suggestion is as counterfactual as it is irrelevant. The Clean Air Act and Mississippi's implementing regulations required xAI to obtain a preconstruction permit for and implement state-of-the-art pollution controls at its Colossus Power Plant. The company failed to do so.

3. Finally, xAI argues that the Clean Air Act's citizen suit provision is unconstitutional, so no suit brought under its authority should be allowed to proceed. Every court to confront that argument has rejected it, and with good reason: Article II allows Congress to authorize private parties to sue on their own behalf for violations of federal law, and the Clean Air Act's text and common-law antecedents show that is exactly what kind of suit a citizen suit is.

4. In support of its Response in Opposition to the Defendants' Motion to Dismiss, Plaintiffs rely on their memorandum brief filed contemporaneously herewith along with Exhibit 1 (Mobile Source Definition Table), incorporated for all purposes herein.

For the foregoing reasons and as further set forth in NAACP's attending Memorandum in Opposition, xAI's Motion to Dismiss should be denied.

Dated: July 10, 2026          Respectfully submitted,

/s/ Carroll Rhodes

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE
  OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsouth.net
Phone: 601-894-4323

/s/ Elias L. Quinn                    /s/ Benjamin Grillot

Elias L. Quinn (CO Bar No. 42159)        Benjamin Grillot (DC Bar. No. 982114)
(Pro Hac Vice) – Lead Counsel           (Pro Hac Vice) – Lead Counsel
Mary Rock (IL Bar No. 6332240)         SOUTHERN ENVIRONMENTAL LAW CENTER
(Pro Hac Vice)                          500 New Jersey Ave., Suite 600
EARTHJUSTICE                   Washington, DC 20001
D.C. Regional Office              bgrillot@selc.org
1250 I Street, 4th Floor           Phone: 202-828-8382
Washington, DC 20005
mrock@earthjustice.org         Patrick Anderson (GA Bar No. 226260)
equinn@earthjustice.org         (Pro Hac Vice)
Phone: 202-667-4500            SOUTHERN ENVIRONMENTAL LAW CENTER
                              Ten 10th Street NW, Suite 1050
Lauren Godshall (LA Bar No. 31465)     Atlanta, GA 30309
(Pro Hac Vice)                        panderson@selc.org
Rebecca Ramirez (TX Bar No. 24126749)   Phone: 404-521-9900
(Pro Hac Vice)
EARTHJUSTICE                   Elizabeth Putfark (VA Bar No. 100358)
Gulf Regional Office             (Pro Hac Vice)
845 Texas Ave., Suite 200         SOUTHERN ENVIRONMENTAL LAW CENTER
Houston, TX 77002              120 Garrett Street, Suite 400
lgodshall@earthjustice.org        Charlottesville, VA 22902
rramirez@earthjustice.org         eputfark@selc.org
Phone: 773-828-0836            Phone: 434-977-4090

*Counsel for Plaintiffs*