**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **NAACP and NAACP MISSISSIPPI STATE CONFERENCE**<br><br>**Plaintiffs,**<br>**v.**<br><br>**X.AI CORP. and MZX TECH LLC**<br><br>**Defendants.** | **No. 3:26-cv-00074-DMB-JMV** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO UNITED STATES'S MOTION FOR INTERVENTION AND DISMISSAL**

The United States first filed its Motion for Intervention and Dismissal (Dkt. No. 58) and Memorandum in Support (Dkt. No. 59) on June 15, 2025. In light of procedural deficiencies in those filings, namely: (1) its failure to indicate that the Environmental Protection Agency sought intervention, as required by the statutory provision the government cited, and (2) its failure to file a complaint or otherwise articulate any claim against Defendants that would allow the government to participate as a plaintiff, Plaintiffs NAACP and NAACP Mississippi State Conference (together NAACP) moved to strike those pleadings. *See* Dkt. Nos. 82 & 83. That motion remains pending.

Though the United States originally represented it "stands by its filings," on July 7, 2026, the United States filed, without conference or leave, amended versions of its Motion and Memorandum. Dkt. Nos. 84 & 85, respectively. Those filings appear aimed at correcting the first failure (EPA's nonparticipation) but do not address the second. Nor do they make any other substantive adjustment to their content. As such, NAACP files this Response in Opposition to respond to both sets of filings. NAACP's attending Memorandum in Opposition cites to and discusses the United States' timely-filed papers (Dkt. Nos. 58 & 59). However, the United States's

parallel amended motion and memorandum are substantially similar in content and thus pincites to the former serve as pincites to the latter. As to their substance, NAACP responds as follows:

1. The United States does not dispute that xAI broke federal law when it installed—and began operating—the Colossus Gas Plant, which powers its Colossus 2 data center using dozens of unpermitted gas turbines at a facility just south of Memphis. Nor does the United States dispute that these turbines emit hundreds of tons per year of dangerous pollutants that directly harm the frontline communities that live, work, pray, play, and breathe in the shadow of the Plant, including Plaintiffs' members.

2. Rather than help Plaintiffs secure relief from this harmful pollution, the United States instead moves to intervene to assert an absolute right to *prevent* these communities from suing to address their harms, which would leave the local choir singers, gardeners, and grandparents that tried to protect themselves and their loved ones from breathing polluted air to face that pollution without any opportunity to protect their rights in court. The United States maintains that it can do so because it has the unreviewable right to dismiss *any* Clean Air Act citizen suit for any reason if it determines that curbing unlawful pollution is not the government's priority. This assertion of authority is unprecedented, and its claimed veto power finds no support in the Clean Air Act. Congress intended that federal and state governments, as well as citizens, would take action to ensure the protections of the Act exist in practice, not just on paper. And Congress created the citizen suit provision of the Clean Air Act precisely for situations like these: To allow citizens to abate pollution that is causing them particularized harm when the government—and states—have failed to require compliance with the law.

3. None of the United States's arguments for claiming this right to dismiss hold up. First, even assuming the United States is properly aligned as a plaintiff, Federal Rule of Civil

Procedure 41 does not grant such a right, because it allows a plaintiff only to dismiss its own claims—*not* the claims of another plaintiff.

4. Second, the United States fares no better under the Clean Air Act. The government does not even attempt to locate any dismissal right in the text of the Act. Nor could it: Unlike other statutes, nothing in the Act's text grants the United States the right to override a private suit to abate pollution. Instead, the Act authorizes citizens harmed by unlawful pollution to sue to abate pollution when the government refuses to act, and it allows the government to participate only in more limited ways that stop far short of allowing it to dismiss the citizen plaintiff's action. No court has held otherwise, and this Court should reject the United States's effort here.

5. Finally, the United States asks this Court to adopt its atextual reading of the Clean Air Act "to avoid serious constitutional questions" under Article II. That is not how constitutional avoidance works, and, in any event, citizen suits raise no Article II concern. Citizen suits are private rights of action, created by Congress, that allow private plaintiffs to sue on their own behalf, not on behalf of the government. Unsurprisingly, then, every court to address these constitutional arguments have rejected them. This Court should not be the first to hold otherwise.

6. In support of its Response in Opposition to the United States' Motion for Intervention and Dismissal, Plaintiffs rely on their memorandum brief filed contemporaneously herewith.

For the foregoing reasons and as further set forth in NAACP's attending Memorandum in Opposition, the United States's Motion to Dismiss should be denied.

Dated: July 10, 2026

Respectfully submitted,

/s/ Carroll Rhodes

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsouth.net
Phone: 601-894-4323

/s/ Elias L. Quinn

Elias L. Quinn (CO Bar No. 42159)
(Pro Hac Vice) – Lead Counsel
Mary Rock (IL Bar No. 6332240)
(Pro Hac Vice)
EARTHJUSTICE
D.C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
(Pro Hac Vice)
Rebecca Ramirez (TX Bar No. 24126749)
(Pro Hac Vice)
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org
rramirez@earthjustice.org
Phone: 773-828-0836

/s/ Benjamin Grillot

Benjamin Grillot (DC Bar. No. 982114)
(Pro Hac Vice) – Lead Counsel
SOUTHERN ENVIRONMENTAL LAW CENTER
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

Patrick Anderson (GA Bar No. 226260)
(Pro Hac Vice)
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone: 404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
(Pro Hac Vice)
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone: 434-977-4090

*Counsel for Plaintiffs*