**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **NAACP AND NAACP MISSISSIPPI STATE CONFERENCE,** | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | **Case No. 3:26-cv-00074-DMB-JMV** |
| **X.AI Corp. and MZX Tech LLC,** | § § § | |
| *Defendants.* | § § § § | |

**AMENDED RESPONSE IN OPPOSITION
TO PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION**

Defendants X.AI Corp. and MZX Tech LLC (collectively "Defendants") file this Response in Opposition to Plaintiffs' Amended Motion for Preliminary Injunction (Doc. 51). In support of the Response, Defendants show as follows:

1.      Since August 2025, Defendant MZX has been using temporary, portable gas turbines at its property on Stanton Road in Southaven, Mississippi, to provide power to nearby advanced computing facilities until permanent power sources are available. Defendants did so only after receiving a written determination from the Mississippi Department of Environmental Quality that no stationary-source Clean Air Act permit would be required to deploy or use such temporary, portable turbines. Since August 2025, Defendants have invested billions of dollars in the computing facilities powered by the Stanton Road site. At the same time, Defendants have already developed, and begun implementing, a plan to transition the Stanton Road site to permanent, fully permitted sources of power.

2.      Although Plaintiffs have been aware of the material facts relating to the use of temporary portable turbines at Stanton Road site since at least September 2025, in their

1

Amended Motion for Preliminary Injunction, Plaintiffs now request that this Court issue an immediate preliminary injunction prohibiting the continued operation of those turbines at the Stanton Road site. Doc. 51 at 1, 4.

3.     Plaintiffs, however, have failed to meet their burden to show why they are entitled to that extraordinary form of relief.

4.     The Motion should be denied because, among other things, (a) Plaintiffs have not shown a substantial likelihood of success on the merits of their permit claims; (b) Plaintiffs have not shown that their members are likely to suffer irreparable harm absent an injunction; (c) an injunction would cause catastrophic harms to Defendants and others parties that outweigh any effects on Plaintiffs; and (d) an injunction would disserve the public interest.

5.     In support of this Response, Defendants rely on their memorandum brief filed contemporaneously herewith, along with the exhibits listed in an index included as Exhibit 1 to this response.

6.     Defendants respectfully request that the Court **DENY** Plaintiffs' amended motion for preliminary injunction (Doc. 51). If the Court concludes that any injunctive relief is warranted, it should require a bond commensurate with Defendants' likely losses and harms.

Respectfully submitted this 13th day of July, 2026.

By:

/s/ Daniel W. Van Horn

Patrick D. Traylor* (D.C. Bar No. 449350)
Jeremy C. Marwell* (D.C. Bar No. 1000299)
VINSON & ELKINS LLP
2200 Pennsylvania Ave. NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6500
ptraylor@velaw.com
jmarwell@velaw.com

Michael B. Buschbacher*
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Pro Hac Vice

Daniel W. Van Horn (MS Bar No. 102105)
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com

P. Ryan Beckett (MS Bar No. 99524)
Keri E. Herrington (MS Bar No. 106815)
BUTLER SNOW LLP
1020 Highland Colony Pkwy., Suite 1400
Ridgeland, MS 39157
(601) 948-5711
(601) 948-5177
keri.herrington@butlersnow.com
ryan.beckett@butlersnow.com

*Attorneys for X.AI Corp. and MZX Tech LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I filed the foregoing document with the Clerk of

the U.S. District Court for the Northern District of Mississippi through the Court's CM/ECF

system, which shall send notification of such filing to all parties of record in this case.

*/s/ Daniel W. Van Horn*
Daniel W. Van Horn