**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **NAACP and NAACP MISSISSIPPI STATE CONFERENCE** | |
| **Plaintiffs,** | |
| **v.** | **No. 3:26-cv-00074-DMB-JMV** |
| **X.AI CORP. and MZX TECH LLC** | |
| **Defendants.** | |

**PLAINTIFFS' REBUTTAL IN SUPPORT OF THEIR
MOTION FOR PRELIMINARY INJUNCTION**

In accordance with the schedule set forth in this Court's July 9, 2026 Order (Dkt. No. 88), Defendants X.AI Corporation and MZX Tech., LLC (together xAI) filed their amended response and memorandum opposing Plaintiffs request for a preliminary injunction on July 13, 2029. *See* Dkt. Nos. 93 & 94, respectively. As further set forth in the attending Memorandum in Support of this Rebuttal, Plaintiffs NAACP and NAACP Mississippi State Conference (together NAACP) reply to xAI's contentions as follows:

1.      xAI argues that the air pollution emitted by its Colossus Gas Plant is not harmful. It is.  Congress crafted the Prevention of Significant Deterioration permitting program at the heart of this case after recognizing—50 years ago, now—that there is no safe level below which exposure to air pollution does no harm to exposed communities.  Rather, as public health science has long established, short- and long-term exposure to air pollution like nitrogen oxides, carbon monoxide, fine particulate matter, and formaldehyde can increase a community's likelihood of lung disease, heart disease, cancer, and premature death.

2.      Next, xAI argues that its major industrial source of air pollution is exempt from permitting and pollution control requirements.  It is not.  Before xAI began building its Colossus Gas Plant, EPA declared turbines such as those at issue here are stationary sources, which means they need stationary source pollution permits.  Moreover, NAACP has now sent *two* notices of intent to xAI detailing how the company's conduct violates the law. Though the Mississippi's Department of Environmental Quality sent xAI a letter "acknowledg[ing]" the company's claims to an exemption, that exemption has no basis in the statute or regulations, and that letter cannot overwrite the substantive protections of the Clean Air Act.  As a legal matter, the state agency's letter cannot excuse xAI's noncompliance. And as an equitable matter, it cannot erase the notice the company already had that its conduct ran afoul of the Clean Air Act and threatened the health and welfare for frontline communities.

3.      Throughout its brief, xAI also presents echoes of arguments the company pressed in its Memorandum in Support of its Motion to Dismiss (Dkt. No. 55), specifically with regard to (1) whether associations have statutory standing under the Clean Air Act to pursue claims on behalf of their members and (2) whether the Clean Air Act's citizen suit provision is constitutional. Neither argument has merit, and both were addressed already in NAACP's Memorandum in Opposition to Defendants' Motion to Dismiss. *See* Dkt. No. 90 (NAACP MTD Opp Br.) at 14–18 and 26–35, respectively.

4.      Finally, by insisting that a bond secure its profits and its potential losses before any injunction could be issued—a business interest the company values in the *billions*—xAI aims to immunize its conduct from any interference by citizens or courts. Prohibitive bond demands would bar citizens from pursuing timely—and lifesaving—relief to which they are entitled while irreparable harm from illegal pollution accumulates. But on xAI's telling, business costs come

before compliance, and the *preventative* and *protective* measures stood up by Congress in the Clean Air Act are left standing in name only.[1]

5.      In this Rebuttal in Support of its Motion for a Preliminary Injunction, NAACP relies on its memorandum brief filed contemporaneously herewith and for all purposes herein.

For the foregoing reasons, NAACP asks that this Court issue an injunction prohibiting operation of the xAI's Colossus Gas Plant until it has obtained the necessary permits and implemented the necessary pollution controls to prevent further harm to NAACP's members in the area.

---

[1]   The concern is all the more pointed amidst new reports that SpaceX—corporate parent to the Defendants here—is expanding its interest and investment in pop-up power from turbines like those at issue here. *See* F. Lambert, *Elon Musk quietly buys a $1 billion gas turbine company to power Grok*, Electrek (July 14, 2026), https://perma.cc/J7HG-QA4J.

Dated: July 15, 2026

Respectfully submitted,

*/s/ Carroll Rhodes*

Carroll Rhodes (MS Bar No. 5314)
MISSISSIPPI STATE CONFERENCE
  OF THE NAACP
119 Downing St
Hazlehurst, MS 39083
crhode@bellsouth.net
Phone: 601-894-4323

*/s/ Elias L. Quinn*

Elias L. Quinn (CO Bar No. 42159)
*(Pro Hac Vice)* – Lead Counsel
Mary Rock (IL Bar No. 6332240)
*(Pro Hac Vice)*
EARTHJUSTICE
D.C. Regional Office
1250 I Street, 4th Floor
Washington, DC 20005
mrock@earthjustice.org
equinn@earthjustice.org
Phone: 202-667-4500

Lauren Godshall (LA Bar No. 31465)
*(Pro Hac Vice)*
Rebecca Ramirez (TX Bar No. 24126749)
*(Pro Hac Vice)*
EARTHJUSTICE
Gulf Regional Office
845 Texas Ave., Suite 200
Houston, TX 77002
lgodshall@earthjustice.org
rramirez@earthjustice.org
Phone: 773-828-0836

*/s/ Benjamin Grillot*

Benjamin Grillot (DC Bar. No. 982114)
*(Pro Hac Vice)* – Lead Counsel
SOUTHERN ENVIRONMENTAL LAW CENTER
500 New Jersey Ave., Suite 600
Washington, DC 20001
bgrillot@selc.org
Phone: 202-828-8382

Patrick Anderson (GA Bar No. 226260)
*(Pro Hac Vice)*
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
panderson@selc.org
Phone: 404-521-9900

Elizabeth Putfark (VA Bar No. 100358)
*(Pro Hac Vice)*
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902
eputfark@selc.org
Phone: 434-977-4090

*Counsel for Plaintiffs*