**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE,<br><br>Plaintiffs,<br>v.<br><br>X.AI and MZX TECH LLC,<br><br>Defendants. | Case No. 3:26-cv-00074-DMB-JMV |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR ENTRY OF WRITTEN ORDER NO LATER THAN SEPTEMBER 10 ON THE UNITED STATES' AMENDED MOTION TO INTERVENE AND DISMISS**

## INTRODUCTION

In May 2026, Plaintiffs moved to preliminarily enjoin the use of mobile generators that power artificial intelligence innovation used by the Department of War. Dkt. No. 20. The following month, the United States moved to intervene in, and to dismiss, this case to prevent harm to national security. In moving to dismiss this citizen suit, the United States invoked its statutory authority to "intervene as a matter of right at any time," 42 U.S.C. § 7604(c)(2), and to "bring the Government's views to the attention of the court" "if the Executive Branch opposes a particular citizen suit." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 188 n.4 (2000). In early July 2026, the United States amended the motion to clarify that it was brought on behalf of Lee M. Zeldin as Administrator of the U.S. Environmental Protection Agency.

More than a month later, the amended motion remains pending. And the United States continues to be sidelined from a case in which Congress has said it has a statutory right to participate. During the most recent status conference—from which the United States was again shut out—the Court indicated it would deny the amended motion at some unspecified time in the future. Ex. A, Aug. 24 Conf. Tr. at 5[1]. At the same conference, the Court contemplated an October hearing on Plaintiff NAACP's Motion for Preliminary Injunction. In other words, the Court has signaled that it will hold a hearing in October without the United States, and it has neither ruled on the United States' amended motion nor provided a date by which it will do so.

---

[1] The United States obtained a copy of the August 24 conference transcript and will email it as Exhibit A to counsel for all parties and this Court's chambers since the 90-day public release restriction deadline is November 24, 2026.

This twilight zone prejudices the United States. Continuing to exclude the United States from this case irreparably injures the Executive Branch's rights—rights baked into both the Constitution and the Clean Air Act. To address this injury, the Court should promptly rule on the amended motion in a written order. Given the anticipated October hearing, the United States respectfully requests the Court enter that ruling no later than September 10, 2026, so that the United States has a reasonable opportunity to seek further review of that ruling before the October hearing. If the Court denies the United States' amended motion, this Court should stay further proceedings until the United States has exhausted review of that denial.

## BACKGROUND

The United States filed its Motion for Intervention and Dismissal on June 15, 2026, Dkt. No. 58, and the amended motion on July 7, 2026, Dkt. No. 85. In response to the United States' initial motion, NAACP emailed this Court requesting guidance on how to respond. This Court set a status conference for June 29, 2026, Dkt. No. 77, and the Court then denied via email the United States' participation in the conference that scheduled NAACP's response to and the United States' reply in support of the amended motion, Dkt. No. 79.

The Court set another status conference for August 5, 2026, Dkt. No. 103, and again the United States was denied participation via email in that conference, which addressed the Government's amended motion and other scheduling and case management items.

Recently, on August 24, 2026, the Court held another conference without either informing the United States or allowing it to participate, during which it discussed the amended motion. Dkt. No. 114; *see also* Ex. A, at 10-13. In particular, the Court had an exchange with counsel for NAACP where the Court discussed whether it would allow the United States' an opportunity to

cure any denial of the amended motion. *Id*. In the same exchange, the Court reiterated its goal to not allow any refiling to delay the sought-after October preliminary injunction hearing. *Id*.

## ARGUMENT

The United States has an undeniable right to intervene in this case. The Clean Air Act provides that the United States "may intervene *as a matter of right* at any time" in a citizen suit. 42 U.S.C. § 7604(c)(2) (emphasis added). And the Federal Rules direct courts to grant intervention when a party has "an unconditional right to intervene." Fed. R. Civ. P. 24(a)(1). Thus, the United States should be granted prompt intervention as of right rather than sitting on the sidelines as the parties move towards a preliminary injunction hearing. And if the Court intends to *deny* the United States that right, as it signaled it would in the August 24 conference, it should do so promptly in a written order so that the United States may seek further review of that ruling.

Further delaying a ruling on intervention prejudices the United States' by excluding it from proceedings in which it has a legal right to participate, subordinating its enforcement function to private interests, and jeopardizing national security. In the present matter, NAACP is usurping federal enforcement authority and threatening national, economic, and energy security by seeking to shut down a power facility needed for artificial-intelligence innovation that supports the Department of War's military operations. Dkt. No. 58-1 at 2-5. The primary authority to enforce federal law belongs to the Executive Branch, not private organizations. And Article II of the U.S. Constitution mandates that the United States maintain primacy over citizen enforcers of the Clean Air Act. These grave constitutional issues require prompt action by the Court to avoid further prejudice to the United States' interests.

Continued delay also prejudices the United States' ability to timely appeal. Denial of an intervention motion is an appealable final order under 28 U.S.C. § 1291. *Edwards v. City of*

*Houston*, 78 F.3d 983, 992 (5th Cir. 1996). Denials should be in writing to assist the appellate court in reviewing the reasoning underpinning the denial. *Lelsz v. Kavanagh*, 98 F.R.D. 11, 14 (E.D. Tex. 1982) (entering a written ruling on an intervention motion after remand from the Fifth Circuit "upon sober reconsideration of the serious questions implicated in any denial of a purported intervention as of right, . . . and because [this Court] has been ordered to do so by the Fifth Circuit"). In the absence of a decision, written or otherwise, the United States is prejudiced by being denied the opportunity for appellate review of its exclusion from the October hearing in which it is statutorily entitled to participate. *See* Fed. R. App. 4(a)(1). Barring a written ruling entered on or before September 10, the United States, for purposes of appeal, will treat the absence of a written ruling as a constructive denial of its amended motion for intervention and dismissal. *See Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 420-22 (5th Cir. 2002); *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 533 (5th Cir. 2024).

The United States has already suffered harm by being excluded from the proceedings in this case because, while the parties diligently prepare for a hearing on Plaintiffs' motion for a preliminary injunction, the United States has not been allowed to participate. That harm will be magnified if the Court further postpones ruling on the amended motion while scheduling a preliminary injunction hearing with the parties. Despite the United States' unambiguous statutory right to intervene, the Court has not granted it intervention or otherwise ruled on the amended motion. Yet the Court has stressed its plan to not delay the proposed October preliminary injunction hearing. Ex. A at 13:4-5. Because the Court has stated its intention to deny the amended motion, Ex. A at 5, the Court should promptly enter its written ruling on the record so that the United States may seek further review in advance of the planned October hearing.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court enter its written order on the United States' Amended Motion for Intervention and Dismissal on or before September 10, 2026. If the Court denies the United States' amended motion, this Court should stay all proceedings until the United States exhausts appellate review.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General
U.S. Department of Justice

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division

JOHN K. ADAMS
Deputy Associate Attorney General
U.S. Department of Justice

ROBERT N. STANDER
Deputy Assistant Attorney General
Energy and Natural Resources Division

JUSTIN D. HEMINGER
Acting Deputy Assistant Attorney General
Energy and Natural Resources Division

MICHAEL WEISBUCH
Senior Counsel to the Associate Attorney General

/s/ Andrew M. Darlington
ANDREW M. DARLINGTON, Lead Counsel
Counsel to the Assistant Attorney General
Florida Bar No. 1018895
KYLE GLYNN
Attorney
D.C. Bar No. 90005572
U.S. Department of Justice
Energy and Natural Resources Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 532-3365 (Darlington)
Andrew.Darlington2@usdoj.gov
(202) 598-9568 (Glynn)
Kyle.Glynn@usdoj.gov

*Counsel for the United States*

September 2, 2026