**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **NAACP and NAACP MISSISSIPPI STATE CONFERENCE,** | § | |
| *Plaintiffs,* | § | |
| v. | § | **Case No. 3:26-cv-00074-DMB-JMV** |
| **X.AI Corp. and MZX Tech LLC,** | § | |
| *Defendants.* | § | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO THE UNITED STATES' MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL**

Staying this case for a short time to allow the Fifth Circuit to resolve the United States' party status will promote judicial efficiency and avoid a potentially needless expenditure of resources and the prospect of serious irreparable harms to Defendants. The United States has identified and asserted an unconditional statutory right to intervene in Clean Air Act citizen suits. The United States has explained why its interests—both procedural and substantive—will be prejudiced if it is not allowed to participate in this litigation as a party. And the United States has articulated uniquely important interests in this case given that the facilities at issue are critical to national security. Critically, too, the Court will not have the benefit of a complete record on which to analyze the issues in this case—especially where the public interest lies—without hearing from the United States. A stay pending appeal would also enable the Court and the parties to avoid the risk of wasting significant time and resources. If, after all, this Court were to press forward with deciding the preliminary injunction motion, and the Fifth Circuit were to agree with the United States that it should have been allowed to intervene, then the litigation would likely have to be unwound, and time and resources expended in the interim would be for naught. Accordingly, to

promote orderly and efficient resolution of the vital issues in this case, the Court should stay this case for a short period pending the disposition of the United States' appeal.

**ARGUMENT**

1. Defendants support the United States' motion and respectfully urge the Court to stay proceedings in this case, including staying the scheduling of a preliminary-injunction hearing, pending resolution of the United States' intervention status on appeal.

2. The Court possesses the "inherent," discretionary power to stay proceedings before it in the control of its docket. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Tai Ping Ins. Co., Ltd. v. M/V Warschau*, 731 F.2d 1141, 1143-45 (5th Cir. 1984) (recognizing that district court "was within its power" to stay arbitration proceedings "pending litigation of the main [federal court] action"). As the Supreme Court explained long ago in *Landis v. North American Company*, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. 248, 254 (1936). In determining whether to stay proceedings under *Landis*, courts consider several factors, including any "hardship or inequity" for the moving party of being required to proceed with the action, prejudice to the non-moving party if a stay is granted, and interests of judicial economy. *Id.* at 255, 258.

3. Because a stay here is driven by pending further developments rather than enforcing a judgment, this Court should apply the *Landis* framework rather than the separate stay factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009). *See, e.g.*, *Sparks v. Texas Dep't of Transp.*, 144 F. Supp. 3d 902, 905 (S.D. Tex. 2015) (applying *Landis* standard to a request for a stay pending appeal); *Huddleston v. FBI*, No. 4:20-cv-447, 2021 WL 1837548, at *1 (E.D. Tex. May 7, 2021) (granting motion to stay scheduling order deadlines under *Landis* framework); *Fox Corp. v. Arroyo Rodriguez*, No. 4:25-cv-4650, 2026 WL 1734870, at *2 (S.D. Tex. June 16, 2026) (holding that

*Landis*, not *Nken*, applies where party asks district court to stay not a "final judgment in a case pending appeal," but rather to stay "one case pending [other developments]"). Regardless, as the United States has persuasively demonstrated, a stay is warranted under either the *Landis* or *Nken* standards. *See* Dkt. No. 125, at 4-11. This response supplements that analysis with additional considerations relevant, from Defendants' perspective, to why a stay of proceedings is warranted. *See Landis*, 299 U.S. at 254; *Nken*, 556 U.S. at 435-36.

4. A stay pending appeal is appropriate to avoid waste of judicial and party resources as well as prejudice to Defendants, pending resolution of the United States' party status on appeal. *Landis*, 299 U.S. at 255; *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A 1981). That is so for two principal reasons.

5. ***First***, if the Court were to move forward in the absence of the United States, there is a significant risk that all proceedings would have to be redone from the beginning. A party with a statutory right to intervene is entitled to participate as a procedural matter, and any proceedings in which they do not likely would need to be redone.[1] In addition, any decisions made in the

---

[1] *See Edwards v. City of Houston*, 78 F.3d 983, 1006 (5th Cir. 1996) (en banc) (where a party was improperly denied intervention and participation in the relevant proceeding, the decision resulting from that proceeding must be vacated); *White v. Texas Am. Bank/Galleria, N.A.*, 958 F.2d 80, 84-85 (5th Cir. 1992) (vacating summary judgment ruling and remanding to allow intervenor "the opportunity to present their [views]," where timing of district court's ruling on intervention had precluded that opportunity); *cf. Cascade Nat. Gas. Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967) (observing that "the entire merits of the case must be reopened to give [proposed intervenors] an opportunity to be heard as of right as intervenors"); *accord United States v. Carpenter*, 526 F.3d 1237, 1242 (9th Cir. 2008) (vacating district court order approving settlement because prospective intervenors were improperly denied intervention); *In re PaineWebber Inc. Ltd. P'ships Litig.*, 94 F.3d 49, 52 (2d Cir. 1996) (explaining that "[i]f the litigation went to judgment" "without the [putative] intervenor," and "the intervenor prevailed on appeal, the entire matter might have to be relitigated"); *Maine v. Norton*, 148 F. Supp. 2d 81, 83 (D. Me. 2001) ("It is clear beyond peradventure of any doubt to this Court … that any action that this Court allows or takes for the development of the case without the opportunity of the proposed intervenors to participate therein *must* be inconsistent with the question pending on appeal as to whether they are

interim would be without the benefit of key facts, perspective, and arguments regarding enforcement of federal law, and the importance to the federal government of continued operations at Defendants' Stanton Road property and the computing facilities that are powered by the same. *See* Dkt. No. 94-3 (Jacobson Decl.) ¶¶ 24-34; Dkt. No. 85-1 (Stanley Decl.) ¶¶ 3-10. Either way, further proceedings in the current procedural posture would run the risk of wasting judicial and party resources and prejudicing Defendants' ability to develop a complete record and present a full opposition to Plaintiffs' preliminary injunction motion.

6. ***Second***, if the Court were to proceed while the Fifth Circuit considers the United States' appeal, Defendants would be exposed to catastrophic financial, operational, and business harms. *See* Dkt. No. 94, at 29-32. Such harms could include, *inter alia*: depriving hundreds of millions of customers and users access to xAI's services and those of other AI providers who rely on this computing infrastructure; billions of dollars in financial harm; permanent competitive disadvantage to Defendants based on interruption of xAI's frontier AI models in a highly competitive technology industry; and serious harms to U.S. national security. *Id.*; *see also* Dkt. No. 81, at 11-13 (State of Mississippi describing economic harms from a preliminary injunction). Those harms would be immediate and irreparable if an injunction issued prohibiting operation of the temporary turbines at Stanton Road. *See Save RGV v. Space Expl. Techs. Corp.*, No. 24-cv-00148, 2024 WL 5357188, at *4 (S.D. Tex. Nov. 21, 2024) (injunction could "impact national security by halting" or "delaying" programs "relied on by multiple government agencies"). Even if the Fifth Circuit were to find error in the denial of the United States' motion to intervene, and

entitled to such rights. Any other conclusion is nothing more than wishful thinking." (emphasis in original)).

then vacate court proceedings on that basis, relief would come too late to shield Defendants from those irreparable harms.

7. The far better course is to afford a brief stay of proceedings to allow the question of intervention to be resolved on appeal. Indeed, district court and Circuit precedent weighs strongly in favor of staying proceedings at this juncture. *See, e.g.*, *Sparks.*, 144 F. Supp. 3d at 905; Order, *Guenther v. BP Ret. Accumulation Plan*, No. 21-20617 (5th Cir. Feb. 14, 2022), Dkt. No. 74 (issuing stay of district court proceedings pending appeal of an order denying a motion to intervene); Order, *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, No. 16-50041 (5th Cir. May, 4, 2016), Dkt. No. 69 (same); Order, *Aransas Project v. Shaw*, No. 10-40610 (5th Cir. Aug. 12, 2010), Dkt. No. 64 (same).[2]

8. A stay of proceedings pending resolution of the intervention question, moreover, will not prejudice Plaintiffs. *See Landis*, 299 U.S. at 255, 258; *Nken*, 556 U.S. at 426. As Defendants have previously explained, notwithstanding Plaintiffs' stated concerns about potential harm from nitrogen dioxide and fine particulate matter emissions, the Memphis metropolitan area (including Southaven, where the Stanton Road property is located) is in compliance with the applicable National Ambient Air Quality Standards ("NAAQS")—standards set by law at a level that protects human health and welfare, and which include a margin of safety. *See* Dkt. No. 94, at 8. And publicly available air quality monitoring data over the past year, and expert modeling of

[2] Other Circuits are in accord. *See Plain v. Murphy Fam. Farms*, 296 F.3d 975, 980-81 (10th Cir. 2002); *Abbott Lab'ys v. Diamedix Corp.*, No. 94-1345, 1994 WL 782247, at *2 (Fed. Cir. July 26, 1994) (explaining that staying proceedings pending appeal of denial of intervention benefits intervenors, the court, and other parties and "will preserve the important issues in this case"); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (circuit court "stayed any action on the summary judgment matters pending before the district court … in order to resolve the intervention question").

future conditions, show that air quality has not been, and will not be, adversely affected by Defendants' operations. *Id.* at 8-9.

9. Further, Defendants and the Mississippi Department of Environmental Quality already have a retirement schedule in place for every single one of the temporary turbines at Stanton Road. Indeed, Defendants have already permanently shut down nearly a dozen temporary turbines, and there is a date certain for shutdown of each of the remaining temporary turbines.[3] Far from increasing, the issues raised in this case, and the basis for any claim by Plaintiffs of harm from a short stay of district-court proceedings pending appeal, are diminishing with each passing day.

* * *

10. In short, absent a stay, this Court and the parties will be litigating under the shadow of an open legal question that could reorient the entire case. That shadow will affect the parties' ability to create a full record for the Court's consideration, as well as the Court's ability to resolve the litigation in an efficient manner, all while exposing Defendants to irreparable harm if preliminary injunctive relief were granted on an incomplete record—even if that judgment were later revised. By contrast, a short stay pending the Fifth Circuit's resolution of the United States' intervention status will promote the orderly and efficient resolution of these issues and avoid the risk of the Court and the parties expending time and resources on a hearing that could need to be redone. Given those dynamics, and that the Fifth Circuit will soon have the opportunity to provide clarity on the United States' proper role in this case, the Court should grant a stay of further proceedings pending resolution of the United States' appeal of the denial of its motion to intervene.

[3] *See* Amendment to Agreed Order, *In re MZX Tech LLC*, Miss. Comm'n Env't Quality, Order No. 7739-26 (Sept. 11, 2026), https://perma.cc/2U72-FZ3L.

## CONCLUSION

11. For the foregoing reasons, Defendants respectfully request that the Court grant the United States' Motion for Stay Pending Appeal (Dkt. No. 124).

Respectfully submitted this 22nd day of September, 2026.

By:

*/s/ Daniel W. Van Horn*

Daniel W. Van Horn (MS Bar No. 102105)
BUTLER SNOW LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38187
(901) 680-7331
danny.vanhorn@butlersnow.com

P. Ryan Beckett (MS Bar No. 99524)
Keri E. Herrington (MS Bar No. 106815)
BUTLER SNOW LLP
1020 Highland Colony Pkwy.
Suite 1400
Ridgeland, MS 39157
(601) 948-5711
(601) 948-5177
ryan.beckett@butlersnow.com
keri.herrington@butlersnow.com

Patrick D. Traylor* (D.C. Bar No. 449350)
Jeremy C. Marwell* (D.C. Bar No.1000299)
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6500
ptraylor@velaw.com
jmarwell@velaw.com

Christopher V. Popov* (TX Bar No. 24032960)
Vinson & Elkins LLP
845 Texas Avenue
Suite 4700
Houston, TX 77002
(713) 758-2636
cpopov@velaw.com

Michael B. Buschbacher*
Boyden Gray PLLC
800 Connecticut Ave. NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Attorneys for X.AI Corp. and MZX Tech LLC*

* *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, I filed the foregoing document with the Clerk of the U.S. District Court for the Northern District of Mississippi through the Court's CM/ECF system, which shall send notification of such filing to all parties of record in this case.

*/s/ Daniel W. Van Horn*
Daniel W. Van Horn