**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI and MZX TECH LLC,<br><br>Defendants. | Case No. 3:26-cv-00074-DMB-JMV |

**THE UNITED STATES' MEMORANDUM IN SUPPORT OF THE MOTION TO GRANT ACCESS TO AND ALLOW USE OF HEARING TRANSCRIPTS**

The United States respectfully requests the Court allow the timely use of the transcripts in this case from hearings that occurred June 29, August 5, and August 24, 2026, in briefs to be filed by October 15, 2026, in the U.S. Court of Appeals for the Fifth Circuit. Further, the United States requests that the Court make the transcripts of the June 29 and August 5 hearings available for use by the United States by October 1, 2026.

## INTRODUCTION

The United States is appealing the constructive denial of its amended motion for intervention and dismissal ("amended motion"). To adequately represent its interests on appeal, the United States intends to rely on and quote from the transcripts of three hearings that occurred before this Court. To fully brief the Fifth Circuit on the issues giving rise to the United States' appeal, the transcripts provide important facts and context. No party is prejudiced by this request, as Defendants consent to our request to use these transcripts, and Plaintiffs did not respond when

the United States sought their position.[1] Allowing these transcripts to be quoted by all parties is not inconsistent with the purpose of the Northern District of Mississippi's restrictions on using court transcripts–to protect personally identifiable information.

**BACKGROUND**

In April 2026, Plaintiffs filed this citizen suit against Defendants x.AI Corp. and MZX Tech LLC alleging violations of the Clean Air Act. Dkt. No. 1. Two months later, Plaintiffs filed a motion for preliminary injunction. Dkt. No. 51. Defendants responded with a motion to dismiss. Dkt. No. 55.

The United States filed a motion to intervene and to dismiss the complaint on June 15, 2026, Dkt. No. 59, and filed an amended motion on July 7, 2026, Dkt. No. 86. The motion explained that the United States possesses an unqualified statutory right to intervene in a citizen suit under the Clean Air Act. Dkt. No. 86 at 7. It also explained that, based on the Executive Branch's preeminent responsibility for enforcement of federal law, the Clean Air Act's citizen suit provision must be interpreted to allow the United States to dismiss any complaint brought by a private citizen. *Id.* at 8. The motion explained that the United States has determined that no claim should be prosecuted against Defendants in this matter. *Id*. Also on the docket is Plaintiffs' motion to strike the United States' motion to intervene and dismiss. Dkt. No. 82. All motions are fully briefed.

The United States requested permission to participate in all three status conferences where this Court discussed with the parties the United States' amended motion to intervene and the United States' potential participation in this case. This Court denied all three requests. In the

---

[1] Plaintiffs emailed Judge Brown's chambers, as they have in the past, seeking guidance and a telephone status conference several hours after the United States emailed them requesting their consent. Ex. A.

August 24 conference, this Court stated that it will deny the United States' amended motion for intervention and dismissal and deny Defendants' motion to dismiss. Dkt. No. 118 at n.1. The Court also stated that it plans to proceed with an October preliminary injunction hearing and requested dates of availability from the Parties for a hearing in October, again sidelining the United States. *Id*.

After learning this from the transcript of the hearing, the United States filed a motion for entry of written order on its amended motion by September 10. Dkt. No. 118. That date passed without any written ruling. *Id*. Shortly after the United States filed the motion for entry of written order on September 2, Dkt. No. 117, this Court entered a minute order restricting access to the August 24 hearing transcript to only the parties, citing concerns about publicly releasing scheduling information, Dkt. No. 119.

The Court appears to be preparing for a preliminary injunction hearing in late October without allowing the United States to participate and despite an unequivocal statutory right to intervene. These actions are prejudicing the United States' interests and rights.

On September 18, 2026, the United States filed a notice of appeal from this Court's constructive denial of its amended motion for intervention and dismissal. Dkt. No. 123. On September 21, the United States moved to stay all proceedings, Dkt. No. 124, and Plaintiffs subsequently emailed this Court stating they will "endeavor to address" this motion by September 28, Ex. A. Plaintiffs timely filed their response. Dkt. No. 128.

Concurrently with this motion, the United States is submitting to the Court the transcript order form requesting release of the June 29 and August 5 transcripts.

## ARGUMENT

The United States is appealing the constructive denial of the amended motion. Dkt. No. 123. As part of its appeal, the United States intends to use the transcripts to provide facts and context necessary to fully brief the Fifth Circuit. In the hearings, the Court addressed with the parties, but not the United States, case management scheduling, the United States' amended motion, the United States' participation in the case, and even the United States' ability to cure a denied amended motion, Dkt. No. 118 at n.1. *See* Dkt. Nos. 79, 104, 114. These facts and more will be important to the Fifth Circuit as it resolves some of the serious questions in this case. Allowing the United States to use these transcripts will help ensure it can adequately represent its rights and interests in litigation on appeal.

No party will be prejudiced. Defendants consent to the United States' request to use these transcripts. Plaintiffs never responded. Even more, the minute entries make clear that there is likely no information that would be treated as confidential, privileged, or otherwise satisfy this Court's personally identifiable information requirements to meet the redaction request requirements, *see* Dkt. Nos. 116, 119; Northern District of Mississippi Redaction Request, https://www.msnd.uscourts.gov/sites/msnd/files/forms/Form_Redaction_Req.pdf (last visited Sept. 24, 2026) (enabling the redaction request for social security numbers, financial account information, names of minors, birth dates, and home addresses).[2] Nor does the United States need to quote any such information to pursue its appeal.

[2] This Court's 7-day deadline for the parties to file a notice of forthcoming redaction request expired in early September as to the August 24 hearing transcript.

## CONCLUSION

For the foregoing reasons, this Court should grant the United States' motion to allow use of the transcripts listed herein in briefs to be filed no later than October 15, 2026, in the U.S. Court of Appeals for the Fifth Circuit. Additionally, to allow the United States to timely pursue its appeal, the United States respectfully requests the Court make available the June 29 and August 5 transcripts for the United States' use by October 1, 2026.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General
U.S. Department of Justice

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division

JOHN K. ADAMS
Associate Deputy Attorney General
U.S. Department of Justice

MICHAEL WEISBUCH
Deputy Associate Attorney General
U.S. Department of Justice

ROBERT N. STANDER
Deputy Assistant Attorney General
Energy and Natural Resources Division

JUSTIN D. HEMINGER
Acting Deputy Assistant Attorney General
Energy and Natural Resources Division

/s/ Andrew M. Darlington
ANDREW M. DARLINGTON, Lead Counsel
Counsel
Florida Bar No. 1018895
U.S. Department of Justice
Energy and Natural Resources Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 532-3365
Andrew.Darlington2@usdoj.gov

*Counsel for the United States*

September 28, 2026