**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| NAACP and NAACP MISSISSIPPI STATE CONFERENCE,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI and MZX TECH LLC,<br><br>Defendants. | Case No. 3:26-cv-00074-DMB-JMV |

**THE UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL**

The simplest and most efficient way to handle this complex case is to stay all proceedings pending appeal and allow the Fifth Circuit to narrow the issues. First, this Court now lacks jurisdiction over all issues currently on appeal. That includes whether this Court's constructive denial of intervention is an appealable order and whether the United States' has a statutory and constitutional right to intervene and dismiss the case. On those issues, this Court must await a ruling from the Fifth Circuit. Second, plowing forward with preliminary injunction proceedings during the appeal would only lead to needless stay motions in the Fifth Circuit. It is far better and easier to obtain instruction from the Court of Appeals and then move forward with any remaining issues afterward.

Plaintiffs' arguments do not tip the scales. Plaintiffs primarily argue that a stay should be denied because they allege "ongoing harm" to health from "unpermitted air pollution." Dkt. No. 129 ("Opp.") at 1. But the only expert evidence before the court, indeed the only scientific evidence in the case, places those allegations of harm in dispute. Dkt. No. 127 at 5-6. Plaintiffs

then surprisingly invite this Court to "consider granting the United States' motion to intervene," Opp. at 1-2; *accord* Dkt. No. 128 at 2, despite strenuously resisting intervention until now and despite their *pending motion to strike* the United States's motion to intervene. That about-face is a transparent effort to avoid appellate proceedings and should carry no weight. It is irrelevant anyway because this Court now lacks jurisdiction over the motion to intervene. As further explained below and in the United States' motion, all proceedings in this Court should pause until the Fifth Circuit resolves the pending appeal.

## I. This Court no longer has jurisdiction over the issues on appeal.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This jurisdictional rule applies to an appeal from an "effective" or "constructive" final appealable order, just as much as it applies in any other appeal. *See, e.g.*, *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 531 (5th Cir. 2024) (appeal from an "effective denial" of a preliminary injunction divested the district court of jurisdiction); *Doe v. Public Citizen*, 749 F.3d 246, 259 (4th Cir. 2014) ("notice of appeal" from a "constructive denial" of a motion to intervene "deprived the district court of authority to rule on [the] motion to intervene"). Once a notice of appeal has been filed, jurisdictional questions about the appeal are for the court of appeals—not the district court—to decide. For example, in *In re Fort Worth*, the Fifth Circuit decided the issue of whether there had been an "effective denial" of a preliminary injunction, and it ruled that there had been an appealable denial and that the district court lacked jurisdiction after notice of appeal was filed. 100 F.4th at 532-33; *accord Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984). This makes sense. Any other division of labor would risk

conflicting rulings from the district court and the court of appeals, and avoiding such conflicting rulings is a basic purpose of the *Griggs* rule.

Consequently, jurisdiction over the United States' motion to intervene has been transferred from this Court to the Fifth Circuit. All of Plaintiffs' discussion about why the motion to intervene was procedurally improper is irrelevant. Opp. at 3, 10. So are their many different proposals for how they would like the United States to intervene in a different posture. *Id.* These are merits arguments for the Fifth Circuit now to resolve about the United States' right to intervene.

Plaintiffs cite no authority for the proposition that a notice of appeal from a constructive final order operates any differently from the *Griggs* rule for final orders. Neither Appellate Rule 4(a)(2), nor any of the cases they cite address appeals from constructive final orders. Opp. at 5. For example, *FirstTier Mortgage* says nothing about constructive denial and expressly declines to reach the "question whether the bench ruling was final." 498 U.S. 269, 274 (1991). And while *FirstTier* does address premature notices of appeal that ripen after the court issues a final order, that issue is distinct from whether a court's actions should be deemed a constructive final appealable order with no ripening needed.

In short, the United States' notice of appeal divested this Court of jurisdiction over all issues now on appeal, including whether there has been a constructive denial and whether the United States has a right to intervene and dismiss.

## II. The Court should hold the proceedings in abeyance under its inherent authority.

In these circumstances, the best course is for this Court to hold all proceedings in abeyance pending appeal. A stay will serve judicial economy, conserve resources of the parties, and properly balance fairness to all parties involved. *See* Dkt. No. 125 ("Mot.") at 4-5.

Plaintiffs spend pages complaining that the Court should apply the *Nken* factors instead of a "*Landis*-like" standard, but there is no legitimate dispute that this Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Plaintiffs cite no authority for their crabbed view of a court's inherent discretionary authority, and courts routinely exercise it in a range of circumstances. *See, e.g.*, *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 (5th Cir. 1985). Whether to hold a case in abeyance is thus a matter of discretion, and courts must balance the interest in judicial economy against any potential prejudice to the parties. *Id.*; *Greco v. NFL*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

On substance, Plaintiffs lead argument is that a stay would be unfair because of their alleged "ongoing harm" from "unpermitted air pollution." Opp. at 1. But, again, xAI has submitted unrebutted expert evidence contesting those allegations of harm. According to xAI's evidence, the Memphis metropolitan area is in compliance with national air quality standards and air quality has not been, and will not be, adversely affected by xAI's operations. Dkt. No. 127 at 5-6. On the other side of the ledger, going forward with preliminary injunction proceedings would expose the United States to grave national security risks, Mot. 8-9, and would continue to deprive the United States of its right to intervene in this litigation, jeopardize national security, and expose Defendants to "catastrophic financial, operational, and business harms." Dkt. No. 127 at 4; *see* Mot. at 8-10. On balance, the most efficient and fair step for this Court to take is to stay this case.

### III. Alternatively, the *Nken* factors warrant a stay.

Even assuming that the United States must satisfy the *Nken* factors here, pausing proceedings is warranted because (1) the United States will likely succeed on the merits, (2) the

United States faces irreparable injury absent a stay, and (3) the public interest supports a stay. *Texas v. EPA*, 829 F.3d 405, 411 (5th Cir. 2016).

On the merits, as a threshold matter the Fifth Circuit is likely to agree that this Court has constructively denied the United States' motion to intervene. *See In re Fort Worth*, 100 F.4th at 534 (reviewing the effective denial of a motion for preliminary injunction). The record here demonstrates the constructive denial. Despite the United States' unequivocal right to intervene, this Court has sidelined the United States from participating in three status conferences where the United States' participation and its motions were discussed, expressly informed the other parties that it is denying the United States' amended motion, and stated that it intends to move forward with preliminary injunction proceedings without the participation of the United States. This Court rejected the United States' repeated requests to attend status conferences and would not even allow the United States to listen passively. Because the United States has already been denied the right to participate in important status conferences, the United States' right to intervene has already been effectively denied. And going forward, that denial will preclude the United States from participating in the planned preliminary injunction hearing. *See* Mot. at 1-3. That constructive denial of the amended motion is a final appealable order. *See id.* at 6 (citing *Ams. United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303 (6th Cir. 1990) and *Lucas v. McKeithen*, 102 F.3d 171 (5th Cir. 1996)).

This case is not one where a party "simply say[s] they need an expedited ruling" and then does not "get it on their preferred timeline." Opp. at 8 (quoting *In re Fort Worth*, 100 F.4th at 535). Here, this Court has already denied the United States its participation rights. Because of the ongoing denial of the United States' right to intervene, the United States' motion for a timely

ruling on intervention established a legitimate basis for urgency and explained why its intervention motion required a prompt ruling.

Next, for the same reasons, the United States continues to suffer irreparable harm. The United States has already been denied its right to participate in litigation and is suffering ongoing denial of that right. Mot. at 10. And while Plaintiffs claim that the United States faces "[n]o injury," Dt. No. 129 at 10, Plaintiffs have all along been communicating with this Court—outside the presence of the United States—regarding the United States' ability to intervene. Dkt. No. 118 n.1; Ex. A, Email Conversations between the United States and Chambers. Since the United States has appealed the constructive denial of its motion to intervene and not simply its motion to dismiss, NAACP's argument that the denial of a motion to dismiss is not immediately appealable falls flat. Opp. at 11. Because NAACP discounts the court's ongoing deprivation of the United States' right to intervene, NAACP's opposition disregards the severe harm the United States currently faces. Indeed, proceeding with this litigation not only threatens the United States' national security, Mot. at 8-9, but it also encroaches on the Executive Branch's role under the Clean Air Act and its preeminent responsibility for enforcement of federal law under the Constitution, *id*. at 9-10.

The public interest lies in favor of a stay. Article II of the U.S. Constitution vests the Executive Power in a President "who shall take Care that the Laws be faithfully executed." Dkt. No. 125 at 11 (citations omitted) (quotations omitted). President Trump has issued executive orders and implemented policy unleashing American energy and artificial intelligence development. *Id*. Allowing this litigation to proceed, and enabling any entity or individual to encroach clear Article II authority and implement their own federal policy, creates instability across the country. Even more, the American public benefits most when warfighters are equipped with the

best technology on the battlefield. Staying litigation also conserves Plaintiffs' resources at a time when Defendants represent they are winding down use of the power sources at issue. Dkt. No. 127 at 6. Defendants support "[s]taying this case for a short time." Dkt. No. 127 at 1. As to the harm claimed by Plaintiffs, Defendants have rebutted those allegations. Dkt. No. 127 at 5-6.

## CONCLUSION

For the foregoing reasons, the Court should stay all proceedings pending appeal.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General
U.S. Department of Justice

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division

JOHN K. ADAMS
Associate Deputy Attorney General
U.S. Department of Justice

MICHAEL WEISBUCH
Deputy Associate Attorney General
U.S. Department of Justice

ROBERT N. STANDER
Deputy Assistant Attorney General
Energy and Natural Resources Division

/s/ Andrew M. Darlington
ANDREW M. DARLINGTON, Lead Counsel
Counsel
Florida Bar No. 1018895
U.S. Department of Justice
Energy and Natural Resources Division
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 532-3365
Andrew.Darlington2@usdoj.gov

*Counsel for the United States*

October 5, 2026